BLANTON *v.* STATE OF INDIANA.

[No. 28,770.   Filed April 13, 1951.   Time for filing transcript expired October 15, 1951.]

*Chester Blanton, pro se.*

GILKISON, J.—By his verified petition petitioner shows that he was regularly charged with robbery and automobile banditry in the Marion Criminal Court, Division 1 about March 7, 1945. A trial was had on November 8, 9 and 10, 1945, resulting in a disagreement and discharge of the jury. Another trial thereon was had on January 28, 29 and 30, 1946, resulting in a verdict of guilty and judgment sentencing petitioner to the Indiana State Prison for not less than ten nor more than twenty-five years. A motion for new trial was filed, and overruled by the court. On June 25, 1946 petitioner filed a motion to vacate the ruling on the motion for new trial which was sustained on June 26, 1946, and upon being further advised the court overruled the motion again.

Petitioner claims he was unable to get a complete record for an appeal of his case within the time allowed by law. That he filed in the trial court a petition for writ of error coram nobis on March 8, 1948 which was heard and denied by that court on January 10, 1949. That he then filed his petition in this court seeking to mandate the trial court to grant him a "full hearing on the merits of his coram nobis petition"

or to provide him with a "transcript of the record of the coram nobis hearing" for an appeal thereof. That this court thereafter denied petitioner's prayer for pauper appeal. (The decision in that matter will be found in 229 Ind. 1, 86 N. E. 2d 84).

Petitioner avers facts indicating that he then filed his habeas corpus proceeding in the Federal Court, which was dismissed because he had not exhausted his state remedies by asking for a delayed appeal as provided for in Sec. 9-3305, Burns' 1942 Replacement (1949 Supp.).

He prays for permission to take a delayed appeal.

It is not the duty of this court to advise a litigant in advance as to what is essential or non-essential to be in a record on appeal. It is enough to say that any appellant needs the service of a competent attorney to prepare and present his appeal. There are many cases and many rules of court on this subject. It is no exaggeration to say that a layman who elects to act as his own attorney accepts a great burden. When such layman acts under the disability of imprisonment the burden is even greater. But, of course, he has a right to accept the hazard if he so wills.

If a defendant is without means, friends or credit to secure funds to employ an attorney, the trial court is charged with the duty to provide a competent attorney for him at public expense, to prepare and try his case and to advise and act for him at every stage of the proceedings. In certain situations defined by statute it is the state Public Defender's duty to represent a defendant on appeal. Sec. 13-1402, Burns' 1942 Replacement (1949 Supp.). But of course, a defendant may represent himself if he so desires. In such situation he must accept the burden and hazards incident to his position.

The record as depicted by the petition herein indicates that petitioner has had much more time to perfect his appeal than is usually granted to an appellant. It indicates that he has not properly utilized the time granted. However, that there may be no possibility of error, this court hereby grants him additional time of one hundred eighty days, beginning April 15, 1951 and ending October 15, 1951 to complete his appeal by having his completed record and assignment of errors filed with the clerk of this court.

The clerk of this court is ordered to prepare a certified copy of this opinion and mail the same to petitioner at his address, Michigan City, Indiana, Box 41.

NOTE.—Reported in 98 N. E. 2d 186.