Hubert FERRIER, Appellant,

v.

STATE of Indiana, Appellee.

No. 979S262.

Supreme Court of Indiana.

Dec. 9, 1980.

Harriette Bailey Conn, Public Defender, James M. Garrettson, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of post-conviction relief. Appellant was convicted of first degree murder in a trial by jury and his conviction was affirmed on direct appeal. *Ferrier v. State*, (1977) 266 Ind. 117, 361 N.E.2d 150. Subsequently, he filed a pro se petition for post-conviction relief which was denied summarily without a hearing or appointment of counsel. That judgment was reversed and the cause remanded for appointment of counsel and a hearing in an opinion of this Court received and filed with the Clerk of the Fountain Circuit Court on February 6, 1979. *Ferrier v. State*, (1979) Ind., 385 N.E.2d 422.

On February 6, 1979, Judge Grogg of that court appointed the public defender for appellant and ordered his return to Fountain County for a hearing on his petition to take place on February 26, 1979. The public defender was granted a continuance of that hearing to April 23, 1979. On March 20, 1979, appellant by counsel filed a motion for change of venue from the county which was denied. On April 23, 1979, the public defender was granted a continuance of the hearing to April 27, 1979.

On April 27, 1979, appellant appeared in court in person and with counsel and filed a pro se motion for change of judge which was denied. The hearing was then held and appellant's petition was denied. This is an appeal from that judgment raising two issues:

(1) whether the trial court committed error in denying appellant's motion for change of judge; and

(2) whether the trial court's findings and conclusions that appellant had not been denied effective assistance of counsel at this initial trial were erroneous.

▇ (1) The right to a change of judge in a proceeding brought under Ind.R.P.C. 1, is governed by § 4(b) of the rule which provides:

"Change of venue from the judge shall be granted when the petitioner files, within ten days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten day period. No change of venue from the county shall be granted."

Appellant's pro se motion was filed on the day of hearing. No matter how we might choose to interpret the time limiting provision of § 4(b), it is evident that this motion, filed on the very day of hearing could not be deemed timely filed. Moreover, the motion itself contains no attempt at all to show good cause for not filing the motion at an earlier date as required by the rule. Appellant is not entitled to be excused from complying with the rule simply because he chose to file the motion pro se and without the advice of counsel. *Owen v. State*, (1978) 269 Ind. 513, 381 N.E.2d 1235. The plain provision of the rule required this motion to be denied. In *Adams v. State*, (1978) 268 Ind. 434, 376 N.E.2d 482, relied upon by appellant, late filing was sanctioned where good cause therefor was apparent on the face of the record, i. e., that the identity of the judge could not have been known during the time ordinarily allowed for filing. Here no good cause is so apparent.

■ (2) At the trial on the petition for post–conviction relief, appellant sought to establish that his counsel had been insufficiently effective in defending him at his original trial on the charge of murder. It was appellant's burden to establish this ground of relief by a preponderance of the evidence. Ind.R.P.C. 1(5). The trial judge was the trier of fact and the sole judge of the weight of the evidence and the credibility of the witnesses. The decision of the trial court against appellant as the party bearing the burden of proof cannot be disturbed unless the evidence is without conflict and leads inescapably to a reasonable conclusion contrary to that reached by the trial court. *Hoskins v. State*, (1973) 261 Ind. 291, 302 N.E.2d 499.

Appellant sought to carry this burden through his testimony that trial counsel had failed to challenge a particular prospective juror who was the next door neighbor of a deputy prosecuting attorney and that trial counsel had told him that he was not competent to handle the defense. At appellant's post–conviction hearing, his original trial counsel testified that it was brought out during voir dire that a particular juror had recently moved next door to a deputy prosecuting attorney in the county. Under further questioning by defense counsel, the prospective juror stated that he had had no conversations at all with the deputy prosecutor. Defense counsel then discussed the juror with appellant, and appellant concluded that the man was alright and should not be removed.

Original trial counsel further testified that he did not inform appellant that he was not competent to present the defense. He did testify that he explained the extent of his experience in criminal cases to appellant, and that such explanation included the fact that he had never conducted a defense to a murder charge alone, but had handled the defense of a murder charge in conjunction with another attorney and had handled many criminal trials and cases resting upon other charges.

It is further evident from this record of the original trial that defense counsel filed pre–trial motions, objected to jury instructions, tendered defense instructions, and made many appropriate objections to evidence proffered by the prosecution at trial. As we view the evidence before the trial court, it was not without conflict and did not lead inescapably to the conclusion that appellant had not been provided effective counsel for his defense. The more realistic evaluation of it is that it established beyond doubt that trial counsel was effective.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.