Billy CHAMNESS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182S440.

Supreme Court of Indiana.

April 27, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Arson in a trial before the bench. He was sentenced to a twenty [20] year term of imprisonment. This Court affirmed his conviction in *Chamness v. State*, (1982) Ind., 431 N.E.2d 474. Appellant petitioned the trial court for post-conviction relief under Ind.P.C.R. 1. Appellant's petition was denied.

Appellant claims the post-conviction court erred in denying his Motion for Change of Venue from the Judge.

A motion for change of venue from the judge in a PC 1 proceeding is governed by Ind.P.C.R. 1, § 4(b), which states:

"(b) Change of venue from the judge shall be granted when the petitioner files, within ten [10] days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten [10] day period. No change of venue from the county shall be granted."

The record shows appellant filed his PC 1 petition pro se on March 8, 1982. Pursuant to Ind.P.C.R. 1, § 2, the post conviction court sent a copy of the petition to the Indiana Public Defender. On March 29, 1982, the public defender filed a Motion for a Continuance of appellant's hearing on the petition which had been scheduled for April 8, 1982. The motion was granted and the hearing date was reset for May 13, 1982. On that date appellant by counsel filed the Motion for Change of Venue from the Judge, which was denied.

Since appellant's motion was filed far beyond the ten [10] day limit of Rule 1, § 4(b), our review is limited to whether the

trial court erred in determining appellant's failure to show "good cause" for the late filing.

■ In *Ferrier v. State,* (1980) Ind., 413 N.E.2d 260, a post-conviction relief petitioner filed his petition pro se and then on the day of the hearing on the petition, though represented by counsel, filed a pro se motion for change of venue from the judge. The ten [10] day limit of Rule 1, § 4(b) had long since expired. We affirmed the trial judge's denial of the motion both because of its tardiness and because it failed to even allege "good cause" for the late filing. We stated: "Appellant is not entitled to be excused from complying with the rule simply because he chose to file the motion pro se." *Id.,* 413 N.E.2d at 261.

The holding in the *Ferrier* case applies in the case at bar. Though in the case at bar the petitioner at least made an attempt to set forth a showing of good cause so as to permit a late filing of the motion for change of judge, our observation in *Ferrier, supra,* that the fact of pro se representation does not entitle the petitioner to any special exemption from the rules applies with equal force. To hold otherwise would encourage the pro se petitioner to ignore the rules for obtaining post-conviction relief. As we have held in other cases the defendant who chooses to represent himself "must accept the burdens and hazards incident to his position." *Yager v. State,* (1982) Ind. 437 N.E.2d 454, 458, *quoting from Blanton v. State,* (1951) 229 Ind. 701, 703, 98 N.E.2d 186, 187. We hold there was no error in denying appellant's Motion for Change of Judge.

■ Appellant claims the post-conviction court erred in not resentencing him to the presumptive ten [10] year sentence provided for by I.C. § 35–50–2–5 [Burns 1979 Repl.] upon conviction for a Class B felony. Arson is a Class B felony unless the act results in bodily injury or serious bodily injury to another person. I.C. § 35–43–1–1 [Burns 1979 Repl.]. The presumptive sentence of I.C. § 35–50–2–5 may be increased by as much as ten [10] years if the sentencing judge finds "aggravating circumstances"

are present. The "aggravating circumstances" are set forth in I.C. § 35–50–1A–7(c) [Burns 1979 Repl.]. We have generally required that where the presumptive sentence is increased the record of the sentencing must reflect the factors the judge considered as aggravating circumstances. *See, e.g., Allen v. State,* (1982) Ind., 439 N.E.2d 615. Mere recital of the statutory factors enumerated in I.C. § 35–50–1A–7(c) will not suffice as a sufficient statement of reasons for an enhanced sentence. *Allen, supra; Green v. State,* (1981) Ind., 424 N.E.2d 1014. "The court must give a specific and individualized statement of why the particular facts of this case support the imposition of an enhanced sentence." *Allen, supra,* 439 N.E.2d at 620.

The record shows the trial court made statements regarding the sentence enhancement at a hearing held on November 9, 1981, following the issue having been raised by appellate counsel in a Belated Motion to Correct Error. We summarize the factors identified by the court as: (1) a November 1980 theft charge; (2) that this act of arson was committed as part of a conspiracy; and (3) that in the instant crime appellant set the fire in a residence with no consideration of whether anyone was present in the dwelling at the time. The colloquy between appellant's attorney and the court also shows both believed appellant's lengthy juvenile record could not be considered as an aggravating circumstance.

It is appellant's position that the trial court's statement of reasons for sentence enhancement do not suffice under our case law to permit any enhancement of the basic sentence. We find it adequate.

The court's reference to the November, 1980, theft charge is supported by the presentence report, which reflects that a theft charge was set for a jury trial on December 12, 1981. We have held where the aggravating circumstance relied on is that named in I.C. § 35–50–1A–7(c)(2), "a history of criminal activity," the criminal activity need not be reduced to a conviction. *Griffin v. State,* (1980) Ind., 402 N.E.2d 981; *McNew v. State,* (1979) Ind., 391 N.E.2d

607. The finding of a prior arrest for criminal activity as reflected in the presentence report, whether or not the defendant was convicted of the charge, is sufficient to warrant the finding of the factor of a history of criminal activity, so long as the incidents comprising such a history are specifically recited. *Page v. State,* (1981) Ind., 424 N.E.2d 1021. In the case at bar the trial court's reference to a "theft in 1980" is thus sufficient as a statement of the finding of the fact of "a history of criminal activity" to warrant the sentence enhancement.

██  As to the trial court's recitation of the other two factors, we do not find any of the I.C. § 35–50–1A–7(c) aggravating circumstances were named by the judge as relating to these factual findings. However, I.C. § 35–50–1A–7(d) states: "The criteria listed in . . . subsection (c) of this section do not limit the matters that the court may consider in determining the sentence." Consideration of the nature and circumstances of the crime as supporting sentence enhancement under subsection (d) of the statute is proper. *Owens v. State,* (1981) Ind., 427 N.E.2d 880; *Warfield v. State,* (1981) Ind., 417 N.E.2d 304. Therefore appellant's sentence enhancement is properly viewed as supported by consideration of these factors, as well as being supported by a finding of prior criminal activity. We hold appellant was not subjected to an improper sentence enhancement.

We would also note the trial court and appellant's counsel were in error in their belief appellant's juvenile record could not be considered as part of his history of prior activity in determining whether to enhance his sentence. *See, Cherry v. State,* (1981) Ind., 414 N.E.2d 301.

The trial court is in all things affirmed.

PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurring in result with opinion in which HUNTER, J., concurs.

DeBRULER, Justice concurring in result

There is no rational inference of a history of criminal activity to be made from a history of arrests. Arrests, without more, simply cannot serve as a basis upon which to enhance criminal punishments. In *Griffin v. State,* (1980) Ind., 402 N.E.2d 981, evidence was actually presented that the defendant had committed the offense for which he had been arrested, although no conviction had occurred. There we held the prior arrest was properly considered as supporting an enhancement upon a history of criminal activity. In *McNew v. State,* (1979) Ind., 391 N.E.2d 607, we sanctioned consideration of such prior arrests which were intermingled with successful prosecution. Such arrests, while failing to demonstrate actual criminal behavior, do show that the exertion of police force has had no deterrent effect upon his antisocial behavior shown by other convictions, and as such is relevant in assessing his criminal record, character and the risk that he will commit another crime. Ind.Code § 35–4.1–4–7. This I regard as being a more accurate description of what is taking place when a judge considers prior arrests which have not resulted in convictions for sentencing purposes. I raise this point because I believe the majority opinion is susceptible of being interpreted as permitting judges to infer criminal behavior from a bare arrest. Surely to do so would be a denial of due process of law.

HUNTER, J., concurs.