**James M. COBLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1183S388.**

Supreme Court of Indiana.

April 3, 1985.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James M. Coble was found guilty by a jury in the Tippecanoe County Superior Court of two counts of Burglary, a class C felony, and was further found to be an habitual offender. The Honorable William R. MaHanna sentenced him to a term of two (2) years on the first count of burglary and two (2) years on the second count of burglary, said terms to be served concurrently, and further enhanced that sentence by thirty (30) years upon finding him an habitual offender. Appellant now appeals this judgment and raises the following five issues:

1. error by the trial court by not declaring a mistrial when a court appointed psychiatrist referred to Defendant's habitual offender charge;

2. error by the trial court by admitting the same psychiatrist's testimony regarding Defendant's criminal history;

3. denial of effective assistance of counsel;

4. sufficiency of the evidence; and

5. imposition of a manifestly unreasonable sentence.

On January 1, 1983 Mark Grenat and Richard Gunckle were walking in downtown Lafayette, Indiana. At approximately 11:00 p.m., they heard a loud bang and noticed the glass door of O'Rear's bakery had been broken. They observed Appellant behind the counter rummaging through the cash register. Appellant came out of the bakery and headed eastward. He appeared to them to have been drinking.

At 11:26 p.m., Lafayette police officers responded to a burglar alarm at Eagle Lumber Company, only a few blocks from the bakery. They found the glass window pane of the office broken and the door ajar. When Appellant realized the police were present, he opened the door and stepped out. Again, he appeared to have been drinking, but not to the point of intoxication according to one of the officers who arrested Appellant. Nothing in the office had been disturbed, but the light over the doorway had been removed.

At trial, Appellant relied upon the defense of mental disease or defect. He presented two (2) witnesses in his defense. They basically testified Appellant had been drunk most of December, but neither witness had seen Appellant the night in question. After the State rested its rebuttal, the court presented testimony of two (2) court appointed psychiatrists. Both experts testified Appellant had been able to appreciate the wrongfulness of his conduct and had had the ability to conform his conduct to the requirements of the law. The jury returned a verdict of guilty to both counts of burglary and found Appellant to be an habitual offender. Accordingly, the trial court sentenced Appellant to a term of thirty-two (32) years imprisonment.

I

Appellant argues the trial court erred by allowing a court appointed psychiatrist, Dr.

Richard Mehne, to disclose to the jury that Appellant was also being charged as an habitual offender. Although the trial court admonished the jury, Appellant claims this remedy was inadequate to cure the prejudicial impact of Dr. Mehne's statement. Appellant urges us to find that a mistrial should have been declared.

Upon cross-examination by the State, Dr. Mehne was asked what documents he was relying on in regard to Defendant's criminal history. Dr. Mehne responded as follows:

"A. Two—Mr. Coble's report, when I obtained his legal history from him, and also the documents made available by the Court. And I can define it when I find it. I think it had to do with previous legal difficulties summarized by the Court. So it was two, what he told me and then also materials from the—Court.

"Mr. Troemel: Your Honor, there's not a question on the floor at this time, I'd ask that counsel direct a question to the witness.

"The Witness: I found it.

"The Court: In the process of answering the question.

"A. It's a ___ it's a document labelled information of habitual offender.

"Mr. Troemel: Objection. We approach the bench?"

Record at 316.

Defense counsel requested that the habitual offender comment be stricken from the record. The court sustained the objection and admonished the jury to disregard Dr. Mehne's statement.

 The denial of a motion for a mistrial rests largely within the trial court's discretion, and the reviewing court will reverse the trial court's decision only when it is shown that the defendant was placed in a position of grave peril to which he should not have been subjected. *Conley v. State,* (1983) Ind., 445 N.E.2d 103, 104. Appellant did not move for a mistrial, but claims the trial court should have declared one *sua sponte.* Appellant cites to *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830,

wherein we adopted the following language from *State v. Ferrone,* (1921) 96 Conn. 160, 113 A. 452:

"It cannot be believed that an accused man would ever have a fair trial, resulting in a verdict not affected by prejudice or by considerations by which the jury should not be influenced, if during that trial allegations that he has twice before been convicted of state prison crimes have been read to the jury, and evidence of his former convictions has been placed before them. It is beyond question that knowledge of such facts must necessarily prejudice the minds of his triers against the accused, and cause him more serious injury than that which he would suffer from any improper remarks of the state's attorney."

However, in *Lawrence* the defendant did not interpose the defense of mental disease or defect. Appellant Coble raised this defense and, as will be more thoroughly discussed in Issue II, this plea opened the door to evidence of Appellant's prior criminal conduct. Since Appellant's criminal history was properly before the jury, Appellant was not prejudiced to the same extent as he would have been had his case more closely resembled the defendant's in *Lawrence.* The jury was aware of Appellant's prior conviction for burglary and his being charged with theft at the age of fifteen because Dr. Mehne mentioned these crimes with regard to how he formulated his opinion that Defendant did not experience a blackout period the night in question. Since the jury was already aware of Appellant's criminal background, Dr. Mehne's mentioning of the habitual offender charge did not prejudice Appellant to the extent that a mistrial should have been declared. Appellant has failed to show the trial court erred by not deciding a mistrial was in order.

## II

 Appellant contends that the trial court erred by allowing Dr. Mehne to testify in a narrative fashion in response to the question of why Dr. Mehne did not believe Appellant's version that he had a blackout

period the night in question. Dr. Mehne testified that his opinion was partly attributable to Appellant's criminal history as evidenced by documents and told to him by Appellant. Appellant complains that the testimony about his prior burglary was hearsay and irrelevant and, therefore, should have been omitted. We do not agree.

Dr. Mehne's testimony concerning Appellant's prior burglary conviction was clearly relevant and offered for a non-hearsay purpose. A plea of insanity opens up all the defendant's life for examination. *Flewallen v. State,* (1977) 267 Ind. 90, 368 N.E.2d 239. Further, evidence which might otherwise be inadmissible may be admissible on the question of sanity. *Lock v. State,* (1980) 273 Ind. 315, 403 N.E.2d 1360. The plea opens the door to evidence of past behavior, including prior criminal conduct. *France v. State,* (1979) 179 Ind.App. 539, 387 N.E.2d 66. Dr. Mehne heavily weighed Appellant's prior burglary and criminal history in general in formulating his opinion that Appellant did not experience a blackout episode during the commission of the offense. The jury was entitled to know the basis for Dr. Mehne's opinion so as to decide for themselves how much weight to attach to his opinion. Thus, Dr. Mehne's testimony was relevant. Further, Dr. Mehne's determination of sanity took into account Appellant's legal history as Appellant related it to him and he considered the documents provided by the trial court. In *Phelan v. State,* (1980) 273 Ind. 542, 406 N.E.2d 237, 239, this Court found that determination of the admissibility of incriminating remarks made to a physician during a compulsory psychiatric examination hinges upon the purpose for which the evidence is offered. If it was offered to demonstrate the mental condition of the Defendant, then it should be admitted. On the other hand, if the remarks are offered to demonstrate the guilt of the Defendant, then they should not be admitted, over a proper objection. *Id.* In the case before us, the testimony was admissible as pertaining to the Defendant's mental condition.

■ Appellant further argues it was error for the trial court to allow Dr. Mehne to testify in a narrative fashion as this precluded objections and volunteered information to which Appellant objected. However, it is within the sound discretion of the trial court to permit testimony in a narrative fashion rather than by question and answer. *Hedges v. State,* (1982) Ind., 443 N.E.2d 62, 66. Since testimony concerning Appellant's criminal history was relevant and not hearsay, and because we have found the trial court did not err by admonishing the jury to disregard Dr. Mehne's statement referring to the habitual offender charge, Appellant fails to show in what regard he was prejudiced by Dr. Mehne testifying in a narrative fashion. The only objectionable statement made by Dr. Mehne was properly treated by a curative instruction. Thus, Appellant fails to demonstrate prejudice by Dr. Mehne's testifying in a narrative fashion. We therefore find no error on this issue.

### III

■ Appellant asserts that he was denied his constitutional right to the effective assistance of counsel because his trial counsel made the following errors: 1. he called only two witnesses on his behalf; 2. he failed to challenge the sufficiency of the evidence; 3. he failed to include the refusal of his lesser included offense instruction in the motion to correct errors; 4. he failed to challenge an alleged suggestive identification procedure; and 5. he failed to object to Dr. Mehne's testimony on relevancy ground. It is a basic rule that we presume counsel was competent and we require convincing evidence to rebut that presumption. *Smith v. State,* (1984) Ind., 465 N.E.2d 1105, *reh. denied.* When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington,* (1984) — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh.*

*denied; Smith v. State, supra.* Further, this Court will presume that the strategies or tactics which were not employed by the trial counsel were not warranted by the circumstances or, if indicated, were rejected after due deliberation. *Helton v. State,* (1980) 273 Ind. 211, 402 N.E.2d 1263.

■ Appellant argues his trial counsel rendered ineffective assistance of counsel because he called only two witnesses. Not only is this a trial strategy, presumedly, but Appellant fails to demonstrate any prejudice caused by the fact his counsel called only two witnesses. He does not allege that any other witnesses were available to come forth with any more persuasive evidence than the two witnesses presented at trial. Thus, Appellant fails to demonstrate how counsel's inadequacies harmed him.

■ Next Appellant cites defense counsel's failure to challenge the sufficiency of evidence in the Motion to Correct Errors as an example of rendering ineffective assistance of counsel. However, the decision on what errors to raise in a Motion to Correct Errors is a matter of trial strategy and is insufficient to establish ineffective representation. *See Cochran v. State,* (1983) Ind., 445 N.E.2d 974, 976. The criminal trespass instruction was properly refused by the trial court due to Appellant's lack of capacity defense. *See Jones v. State,* (1982) Ind., 438 N.E.2d 972, 976–977. Defense counsel's failure to challenge a pre-trial identification was strategic and also inconsequential as identification was not an issue at trial. Finally, we have already stated that Dr. Mehne's testimony regarding Appellant's criminal history was relevant. Consequently, Appellant has failed to demonstrate in any manner how defense counsel was ineffective. Appellant fails to present any error on this issue.

## IV

Appellant argues there was insufficient evidence presented at trial for the jury to infer that he had the intent to commit a felony in the Eagle Lumber office. The standard of reviewing a sufficiency question is well stated in *Anderson v. State,* (1984) Ind., 469 N.E.2d 1166, 1169, as follows:

"When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (citations omitted)."

■ Appellant contends there was significant evidence that he had been drinking or was ' drunk when he was apprehended and reasserts the facts of his unskillful break-in at the lumber company. However, at trial, several witnesses to Appellant's arrest testified he did not appear intoxicated. Thus, the degree of intoxication was a question of fact to be decided by the jury and the appellant carried the burden of proving his intoxication was such as to relieve him of criminal culpability. *Roberson v. State,* (1982) Ind., 430 N.E.2d 1173, 1174. Further, the intent to commit a felony may be reasonably inferred from the time, force, and manner in which the entry was made. *Lisenko v. State,* (1976) 265 Ind. 488, 355 N.E.2d 841. In Appellant's case, the break-in occurred around 11:26 p.m. Appellant apparently used a rock to break the glass window of the door and was found inside the office. The outside lightbulb by the door had been unscrewed which could reasonably be construed as an intentional act by Appellant designed to facilitate his breaking, entering, and stealing without detection. Also, earlier that same night Appellant had broken into a bakery and was seen rummaging through the cash register. All of these events support the inference that Appellant intended a theft inside the lumber company.

■ Finally, Appellant contends he lacked the requisite intent due to his suffering from a blackout at the time of the offense. Once again, there was conflicting testimony regarding Appellant's blackout at the time of the offense. Both expert witnesses testified he was able to appreciate the wrongfulness of his actions and conform his conduct to the requirements of the law. Further, both experts testified that while Appellant may have experienced a blackout period, after which Appellant had no recollection, he nonetheless knew what he was doing at the time of the offense. This was sufficient evidence from which the jury could find either Appellant did not suffer a blackout, or if he did, he was not intoxicated to the degree that he could not form the requisite intent. Consequently, we find no error on this issue.

### V

Appellant's final argument is that he received a manifestly unreasonable sentence. Appellant was found guilty of both counts of burglary and was found to be an habitual offender. The trial judge found imposition of more than the minimum sentences for Counts I and II would impose an undue hardship on Appellant. So, the court imposed the minimum two (2) year sentence for each count and ordered the sentences to be served concurrently. Also, the trial judge was required to follow the habitual offender statute, Ind.Code § 35-50-2-8(e) (Burns 1979), and enhance the sentence by thirty (30) years.

■ Appellant argues his sentence is greatly disproportionate to the severity of the crime, therefore violating the eighth Amendment to the United States Constitution. Appellant was found guilty of two counts of burglary, and the record shows there was sufficient evidence to support the jury's determination that he was an habitual offender. As we stated in *Funk v. State*, (1981) Ind., 427 N.E.2d 1081, *reh. denied*, the purpose of the enhancement of a sentence under the statute is to more severely penalize those whose criminal activities have not been deterred by former convictions. Given the purpose of the statute and the facts of this case, we hold Appellant's sentence was not disproportionate to the offense.

■ Appellant also argues that his sentence is not based on principles of reformation, therefore violating Article I § 18 of the Indiana Constitution. He claims the statute is indiscriminately applied to him and he is being punished for having the disease of alcoholism. The jury had ample evidence to find Appellant possessed a criminal intent and committed the crimes despite the fact Appellant had been drinking. Further, Appellant is concurrently serving minimum sentences for both burglary convictions; surely, he does not argue this portion of the sentence is based on vindictiveness. The enhancement of Appellant's sentence, for having been found an habitual offender, is the major portion of Appellant's sentence: namely, thirty (30) of the thirty-two (32) year sentence. Thus, Appellant essentially argues that imposition of the habitual offender sentence is vindictive as opposed to rehabilitative. This argument has been rejected by this Court on several occasions. *See e.g., Funk v. State, supra; Wise v. State*, (1980) 272 Ind. 498, 400 N.E.2d 114; *Norris v. State*, (1979) 271 Ind. 568, 394 N.E.2d 144. Consequently, Appellant's sentence is not manifestly unjust, and we find no error raised by this issue.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.