**Don Carlyle RUST, II, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 184S38.**

Supreme Court of Indiana.

April 30, 1985.

J.A. Cummins, Public Defender for Delaware County, Muncie, Ind., for appellant.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, Ind., for appellee.

HUNTER, Justice.

The defendant, Don Carlyle Rust, II, was charged under Count I with felony-murder, Ind.Code § 35–42–1–1(2) (Burns 1979 Repl.), wherein the underlying felony was kidnapping, and he was also charged with a separate count of kidnapping, Ind.Code § 35–42–3–2(b)(2) (Burns 1979 Repl.). Since an intentional killing was committed during the course of this kidnapping, the prosecutor also filed for imposition of the death sentence.

Pursuant to a plea agreement defendant changed his original not guilty plea to guilty of Count I, felony-murder. The state then dismissed Count II, kidnapping, and withdrew its request for the death penalty, but retained the right to argue aggravating circumstances at the time of sentencing. The trial court accepted the plea agreement and found defendant guilty of Count I, felony-murder. Defendant was sentenced to the Indiana Department of Correction for a term of fifty years. In this direct appeal, defendant raises the following two issues:

1. Whether the trial court erred by considering circumstances of the crime in both the acceptance of defendant's guilty plea and in the imposition of an enhanced sentence; and

2. Whether the trial court violated the double jeopardy prohibition against double punishment by considering the same aggravating circumstances in the imposition of both the presumptive and the enhanced sentence.

The record shows that on May 7, 1982, the murder victim was forcibly removed in her own car from the parking lot located at her place of business. Later that evening her body was found on College Corner in Wayne County, lying in a muddy farm field. There were injuries around her head, her shoes were off, and her hands were tied. Near her body there was a fence post on which there were hair parti-

cles belonging to the victim. A steak knife was protruding from the back of the victim's neck. On May 10, 1982, three days after the murder, the victim's purse, shoes and articles of clothing were found approximately seven-tenths of a mile from where her body was found. While the victim normally carried five to ten dollars, the purse did not contain any money. In the opinion of a staff pathologist at Reid Memorial Hospital, death was due to a hemorrhage to the victim caused by a blunt force to the left ear area and was not caused by the knife wound to the neck.

### I.

■ Defendant first argues that it was error for the trial court to find as aggravating circumstances the same circumstances which defendant testified to as the factual basis for his plea of guilty to felony-murder. According to defendant, the trial court's acceptance of his guilty plea was dependent upon the trial court finding that defendant committed a kidnapping while hijacking the victim's car and that the victim died during the commission of this felony. Therefore, defendant contends that the only additional fact used by the trial court as an aggravating circumstance to enhance defendant's sentence was the theft of the victim's purse and money. Defendant maintains that while the court enhanced defendant's sentence by adding ten years to the presumptive sentence, had defendant been charged and found guilty of theft of the purse and money, the maximum penalty would have been four years. Hence, defendant argues that the additional ten years imposed by the court was manifestly unreasonable.

■ The presumptive sentence for felony-murder is forty years. *Mullens v. State*, (1983) Ind., 456 N.E.2d 411. Twenty years may be added to the presumptive sentence where there are proper aggravating circumstances and ten years may be subtracted for mitigating circumstances. Ind.Code § 35-50-2-3 (Burns 1979 Repl.). The court enhanced the presumptive sentence of forty years by an additional ten

years and gave the following statement of reasons:

"But nevertheless, I find for the record, that the aggravating circumstances outweigh any mitigating circumstances in this matter. Specifically being that there was a kidnapping, a forced abduction of a person minding their own business trying to get into their car to go home. There was a car theft, there was a very brutal killing when the evidence pointed out that she was in fact not killed by the knife that was embedded in her neck, she was killed by being beaten about the head by a big post. Further, the facts that the Court finds as aggravating, the stealing of the victim's car as previously mentioned as well as the purse, money was taken from the purse by your own testimony, you threw the purse out."

■ Indiana Code § 35-38-1-7(b) (Burns 1984 Supp.) lists aggravating circumstances the court may consider to enhance sentences. The mere recital of the statutory factors so enumerated is an insufficient statement of the reasons for enhancing a sentence. *Chamness v. State*, (1983) Ind., 447 N.E.2d 1086. The court must give a specific and individualized statement of why the particular facts of the case support the imposition of an enhanced sentence. *Allen v. State*, (1982) Ind., 439 N.E.2d 615. However, the judge is not limited to the aggravating circumstances provided by subsection (b) of this statute and may consider other factors relevant to establishing a proper sentence.

In this case, the judge deemed the kidnapping, car theft, brutal killing and theft of victim's purse and money to be proper aggravating circumstances for enhancing defendant's presumptive sentence by an additional ten years.

■ We have held that when considering whether or not to enhance a sentence that the trial court may consider the nature and circumstances of the crime. *Owens v. State*, (1981) Ind., 427 N.E.2d 880; *Warfield v. State*, (1981) 275 Ind. 396, 417 N.E.2d 304. Ind.Code § 35-38-1-7(a)

(Burns 1984 Supp.) provides that the sentencing judge must consider the nature and circumstances of the crime committed when making a sentencing decision. *Thurston v. State*, (1985) Ind., 472 N.E.2d 198.

While the recital of kidnapping by itself may not be a proper aggravating circumstance to enhance a sentence insofar as it was the underlying offense in the felony-murder conviction, *Green v. State*, (1981) Ind., 424 N.E.2d 1014, the nature of the crime and the manner in which it was committed has been deemed by this Court to be a proper aggravating circumstance pursuant to Ind.Code § 35–50–1A–7(c) (now codified as 35–38–1–7); *Sandlin v. State*, (1984) Ind., 461 N.E.2d 1116. Therefore, even omitting the kidnapping recital, the brutal manner in which the murder was committed, as recited by the trial judge, is a proper aggravating circumstance.

■ In addition, the judge also found several circumstances of the crime (*i.e.*, car theft, theft of the victim's purse and money), for which defendant was not charged, to be aggravating circumstances. Contrary to what defendant asserts, the kidnapping of the victim while hijacking a vehicle was the substance of Count II, and this count was dismissed by the prosecution. In any event, the trial court may consider factors which are encompassed within the definition of the crime as aggravating circumstances when determining the sentence. *Warfield*, 417 N.E.2d at 309.

Moreover, consideration of the nature and circumstances of the crime as supporting sentence enhancement under subsection (d) of the statute is proper. *Chamness*, 447 N.E.2d at 1088. We therefore conclude that the statement of reasons provided by the trial court is sufficient to support imposition of an additional ten-year term. Since the record shows that the judge did consider several specific circumstances of the crime as aggravating circumstances and the sentence is within the statutory limits, there was no abuse of discretion in the sentence imposed.

In consideration of the circumstances under which the crime occurred and our scope of review of sentences, the sentence was not such that no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed and, therefore, is not manifestly unreasonable. Ind.R.Ap.Rev. Sen. 2(2).

## II.

■ Defendant next argues that the trial court's enhancement of defendant's presumptive sentence by a period of ten years constituted double punishment in violation of the prohibition against double jeopardy. Essentially defendant argues that the same aggravating circumstances were considered by the trial court in both the presumptive sentence of forty years and the additional ten-year enhancement of the presumptive sentence, and that this constitutes double punishment in violation of the double jeopardy clause.

In *Bish v. State*, (1981) Ind., 421 N.E.2d 608, defendant Bish was charged with several offenses arising from the same criminal transaction. Pursuant to a negotiated plea agreement with the prosecution, Bish entered guilty pleas to each of the offenses. The trial court imposed the presumptive sentence for each felony and each presumptive sentence was enhanced by the maximum additional years statutorily permitted for aggravating circumstances.

The trial court specifically found several aggravating circumstances which warranted enhancing the sentence imposed on Bish. *Bish*, 421 N.E.2d at 621. The same aggravating circumstances were used to enhance the sentence to be served for each offense. And, Bish's participation in the crimes for which he pled guilty was one of the aggravating circumstances assessed by the trial court.

Bish argued "that the trial court enhanced the sentence for each of the four convictions after considering his commission of all four crimes." *Bish*, 421 N.E.2d at 617. Bish maintained "that this method of applying the aggravating circumstances results in an improper 'double punishment'

for each crime." In *Bish*, 421 N.E.2d at 617–18, we stated:

"In the present situation, the trial court assessed certain aggravating factors in enhancing the sentence to be served for each offense. *The factoring in of the aggravating circumstances does not doubly punish the defendant; these circumstances merely justify an increase in the single sentence the defendant receives for each offense.* Thus, while the punishment for each offense may be enhanced by the same factors, the defendant has nevertheless not received multiple punishments for the same offense, and therefore has not been subjected to double jeopardy." (Emphasis added.)

In this case, defendant received the presumptive sentence for felony-murder and the same underlying felony (*i.e.*, kidnapping) was assessed by the trial court in enhancing the presumptive sentence. Therefore, defendant would have been punished twice for the same offense if the only aggravating circumstance were the kidnapping. *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893. However, when enhancing defendant's sentence the trial court also considered the brutal manner in which the murder was committed and other circumstances of the crime. We therefore conclude that there was no trial court error.

The judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.