**Hubert FERRIER, Appellant**
**(Petitioner below),**

v.

**STATE of Indiana, Appellee**
**(Respondent below).**

No. 23S00–8604–PC–404.

Supreme Court of Indiana.

Oct. 26, 1987.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Hubert Ferrier was convicted of Murder on May 19, 1975. He was sentenced to life imprisonment. His conviction and sentence were affirmed in *Ferrier v. State* (1977), 266 Ind. 117, 361 N.E.2d 150. He filed a *pro se* Petition for Post-Conviction Relief, the summary denial of which was reversed on appeal. *Ferrier v. State* (1979), 270 Ind.

279, 385 N.E.2d 422. The petition was then denied after an evidentiary hearing. The denial was affirmed in *Ferrier v. State* (1980), 274 Ind. 585, 413 N.E.2d 260.

Ferrier filed his second *pro se* Petition for Post-Conviction Relief on September 14, 1984. After an evidentiary hearing was held, the trial court denied his second petition. Ferrier directly appeals that denial raising the following issues:

1.  violation of Ferrier's rights when his co-defendant's statement was admitted into evidence;

2.  alleged error in permitting testimony on Ferrier's criminal history;

3.  denial of Ferrier's motion for change of venue;

4.  refusal of Ferrier's tendered final instruction 1;

5.  effective assistance of trial counsel;

6.  effective assistance of direct appeal counsel; and

7.  effective assistance of first post-conviction counsel.

The State asserts Ferrier has waived his post-conviction remedy because it is predicated on arguments available but not raised in either his original direct appeal nor his appeal from the denial of his first post-conviction petition. *See Ferrier v. State* (1977), 266 Ind. 117, 361 N.E.2d 150; *Ferrier v. State* (1980), 274 Ind. 585, 413 N.E.2d 260. Despite the apparent applicability of that general rule in this case, the State is precluded from now asserting the waiver defense for the first time in this appeal. When the State chooses to meet a petitioner's allegations on the merits at the post-conviction hearing, as in this case, the reviewing court must do likewise on appeal. *Van Evey v. State* (1986), Ind., 499 N.E.2d 245, 246.

I

Ferrier asserts he was denied his fundamental rights of confrontation and due process of law when his co-defendant's extrajudicial statement inculpating Ferrier was read to the jury during the State's case-in-chief.

When Ferrier was charged with murder, his brother Rick was charged as an accessory. After his arrest, Rick made a statement describing Ferrier's actions just before the shooting. The brothers were tried jointly and were represented by the same attorney. The State introduced Rick's statement into evidence without any objection on behalf of Ferrier. Ferrier argues the statement harmed him because it damaged his claim that the shooting was not premeditated and may have been committed in sudden heat. A directed verdict was granted for Ferrier's brother after the close of the State's case-in-chief. The brother then testified on behalf of Ferrier.

■ The introduction of a co-defendant's confession in a form not subject to proper cross-examination may violate the accused's right of confrontation. *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. *Bruton* may have been violated when the inculpatory statement was admitted into evidence, but the violation was cured when Rick testified for the defense. Where a co-defendant testifies and is available for cross-examination, admission of his out-of-court statement is not improper and a defendant is not denied his right to confrontation. *Crenshaw v. State* (1982), Ind., 439 N.E.2d 620, 622; *McChristian v. State* (1979), 272 Ind. 57, 60, 396 N.E.2d 356, 358. When Rick took the witness stand, he was subjected to examination by Ferrier as to the statement's contents. Since Rick testified and was available for cross-examination, *Bruton* is inapplicable.

Ferrier attempts to distinguish *McChristian* by stating it involved a co-defendant who testified in his own defense and encountered vigorous cross-examination by defense counsel other than his own. Ferrier claims he could not fully and effectively cross-examine Rick because they were brothers and were represented by the same attorney. Rick was acquitted and then called to testify for the defense. Ferrier states "Defense counsel's desperate attempt at salvaging the situation by calling Rick as a defense witness must have appeared nothing short of collusive to the jury when Rick claimed he could not remember his statement and even hinted he had lied to the police just to pacify them." This does not constitute a denial of confrontation, as Rick did not refuse to testify but rather answered all questions asked of him. *Rogers v. State* (1978), 268 Ind. 370, 376, 375 N.E.2d 1089, 1092. Thus, Ferrier has shown no prejudice meriting reversal.

## II

Ferrier next complains the trial court improperly allowed the State to inquire about his prior acts of violence during the State's examination of the medical experts who had examined Ferrier in response to his insanity plea.

Prior to trial, Ferrier filed a Notice of Insanity Defense. Two court appointed psychiatrists, Dr. Hoffmann and Dr. Talbert, then examined Ferrier. At trial, the State, over objections, questioned Dr. Hoffmann about whether he would be interested to know if the person he was examining had a prior history of violent acts. Although the trial court did not then permit testimony of specific acts, the State was permitted to elicit testimony from Dr. Hoffman that he had discussed Ferrier's prior acts of violence and that such prior history was used in arriving at his opinion of Ferrier's sanity. Dr. Hoffman ultimately testified that in his opinion Ferrier was sane at the time of the shooting.

Later, during the testimony of Dr. Talbert, the State asked if the doctor had discussed Ferrier's prior acts of violence and if he had considered such acts in reaching his opinion. Ferrier again objected but the trial court permitted the State to question the doctor concerning the prior acts of violence which were considered by the doctor in reaching his opinion of Ferrier's sanity. Dr. Talbert testified Ferrier was unable to control his impulses and thus, was considered legally insane under Indiana law. The State thereafter asked the doctor leading questions about whether Ferrier had discussed the 1971 killing of a person in LaGrange County. There was no objection to the form of the question.

Ferrier now claims it was prosecutorial misconduct for the State to ask questions concerning Ferrier's prior criminal history of violent acts. However, an accused's criminal history becomes relevant when he interposes an insanity defense. *Coble v. State* (1985), Ind., 476 N.E.2d 102, 106; *Barnes v. State* (1975), 263 Ind. 320, 323, 330 N.E.2d 743, 746. Here both doctors testified they considered Ferrier's prior criminal history in reaching an opinion of Ferrier's sanity. The jury was entitled to know the basis for the opinions so as to decide for themselves how much weight to attach to those opinions. *Coble*, 476 N.E.2d at 106. Thus, the State's questions were proper. Ferrier claims the questions constitute an "evidentiary harpoon," citing *Riley v. State* (1986), Ind., 489 N.E.2d 58. However, *Riley* did not involve an issue on the defendant's sanity and is therefore inapplicable.

### III

Ferrier claims he was denied a fair trial due to pretrial publicity and it therefore was error for the trial court to have denied his Motion for Change of Venue from the county. The only evidence presented to the trial court was the original trial transcript, the stipulations on the circulation of the newspaper, and the number of people eligible for jury duty in 1975. Ferrier's motion was denied following a hearing. Ferrier did not present a transcript of that hearing as an exhibit in the present post-conviction hearing and it is not furnished to us in this record. In addition, the trial record does not contain the jury *voir dire* but does show Ferrier used only seven of his ten peremptory challenges. The evidence tends to show that newspaper articles on the crime were published near the time of the commission of the act but the evidence does not indicate any publications near the time of trial, some three months later. The articles appear to be factual and do not sensationalize the crime. There is no showing here that any of the prospective jurors even heard of the crime. Ferrier asks this Court to speculate that because one of the papers had a circulation of 2400 and the jury pool had only about

10,000 people, that prospective jurors must have heard of the crime from this article. Ferrier has failed to carry his burden of showing that the local venue was so prejudiced that denial of the change amounted to an abuse of discretion. *Slone v. State* (1986), Ind., 496 N.E.2d 401, 404; *See also Boyd v. State* (1986), Ind., 494 N.E.2d 284, 293, *cert. denied* —— U.S. ——, 107 S.Ct. 910, 93 L.Ed.2d 860.

### IV

Ferrier next claims the trial court erred in refusing to give his tendered instruction 1 on insanity. Ferrier's sanity was an issue at trial. He introduced evidence of his insanity through Dr. Talber's testimony and through lay testimony. An instruction on insanity therefore was warranted by the evidence. Ferrier argues his tendered instruction was a correct and better statement of the law with regard to the facts of his case. He also asserts the instruction was not adequately covered by other instructions.

However, the instructions given by the trial court were correct instructions and substantially covered the substance of Ferrier's tendered instruction. The trial court's instructions discussed the State's burden of proof and the definition of insanity, including temporary insanity and irresistible impulse. It is not error to refuse a tendered instruction when its substance is covered by other given instructions. *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, 1161, *cert. denied*, 471 U.S. 1104, 105 S.Ct. 2335, 85 L.Ed.2d 851. Since the substance of tendered instruction 1 was adequately covered by the trial court's given instructions, it was not error to refuse the tendered instruction.

### V

Ferrier contends the post-conviction court erred by failing to find his trial counsel rendered ineffective assistance. He alleges his trial counsel was ineffective for failure to tender a voluntary manslaughter instruction. Ferrier also complains trial counsel was ineffective for placing himself

in a conflict of interest situation by representing both Ferrier and his brother at their joint trial. He claims prejudice by the introduction of his co-defendant's statement. Finally, Ferrier claims his trial counsel was ineffective because he failed to object to the prosecutor's questions concerning Ferrier's criminal history.

Ineffective assistance of counsel was an issue decided on appeal from the denial of Ferrier's first post-conviction petition. This Court concluded it was "...established beyond doubt that trial counsel was effective." *Ferrier*, 413 N.E.2d at 261. At the hearing in the present post-conviction proceeding, the State argued the claim was *res judicata* and could not be litigated again. Issues previously raised and determined on appeal are not available as grounds for post-conviction relief. *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047, 1049.

█ Ferrier has failed to demonstrate reversible error. To establish a claim of ineffective trial counsel, Ferrier must show that counsel's actions were outside the range of reasonable professional assistance and that counsel's error prejudiced the judgment against Ferrier. *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. Since the trial court instructed the jury on voluntary manslaughter, Ferrier could not have been prejudiced by trial counsel's failure to tender an instruction already given by the trial court. Also, Ferrier was not prejudiced by his co-defendant's statement because the co-defendant subsequently testified at trial. *See* issue I above. Therefore, counsel's failure to obtain a separate trial or keep out the co-defendant's statement would not have prejudiced the outcome of the trial for the statement was admissible once the co-defendant testified for the defense. Finally, Ferrier was not prejudiced by the prosecutor's questions since Ferrier's past criminal history was relevant to the doctors' opinions on Ferrier's sanity. *See* issue II above. As there was no error in the specific instances alleged as error by Ferrier, counsel's conduct does not amount to ineffective assistance.

### VI

Ferrier argues his appellate counsel in his direct appeal rendered ineffective assistance. He complains his appellate counsel failed to brief each issue raised in the motion to correct errors. Ferrier asserts that specifications I and XVII of his original motion to correct error had merit and that appellate counsel's failure to argue them without obtaining permission to waive them constitutes the ineffective assistance. Ferrier further asserts that appellate counsel should have pursued the issues trial counsel raised in specifications V and VI of the original motion to correct errors because those matters warrant reversal of his conviction.

█ The Public Defender's office need not raise on appeal an issue that appears to be an improper subject for post-conviction relief or is deemed frivolous by counsel as a matter of professional judgment. *Ingram v. State* (1987), Ind., 508 N.E.2d 805, 808–9. Criminal appellants do not have an absolute right to require appellate counsel to raise and argue every issue that the appellant desires to be raised on appeal. *Ingram*, 508 N.E.2d at 809; *Smith v. State* (1985), Ind., 475 N.E.2d 1139, 1144. Further, Ferrier's claims that failure to raise specifications V and VI of the original motion to correct errors on direct appeal was ineffective counsel must fail because, as discussed in issues I and II above, these issues were shown not to have been error. Since these issues were not error, counsel cannot be faulted for determining not to raise them on appeal. Counsel is not ineffective for failing to present meritless claims. *Robinson*, 493 N.E.2d at 767.

### VII

█ Ferrier claims his first post-conviction proceeding counsel rendered ineffective assistance because he did not present all the issues Ferrier wanted raised, he did not argue the issues now raised by Ferrier and here addressed in issues I—IV, he failed to allege that direct appeal counsel was ineffective for not raising all issues in the original motion to correct errors, and he did not secure a change of judge.

Ferrier has failed to establish his first post-conviction proceeding counsel rendered ineffective assistance. We presume counsel was competent and require convincing evidence to rebut that presumption. *Coble*, 476 N.E.2d at 106. We also presume the strategies or tactics which were not employed by the counsel were not warranted by the circumstances or, if indicated, were rejected after due deliberation. *Id.* As the issues Ferrier complains were not raised have herein been found meritless, this complaint will not serve as a basis for finding his first post-conviction counsel ineffective.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.