Scott Karry **LEWELLYN**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 88A04–8706–CR–179.

Court of Appeals of Indiana, Third District.

May 31, 1988.

Douglas C. Leatherbury, Salem, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Scott Karry Lewellyn appeals from his conviction for voluntary manslaughter, a Class B felony.

On appeal Lewellyn raises one issue, as restated: whether his voluntary intoxication rendered him incapable of forming the necessary intent to commit the crime.

The evidence relevant to this appeal discloses that Lewellyn and his girlfriend, Carla Farnsley, had been dating approximately five months during which time Lewellyn had threatened to kill anyone else who Farnsley might see. On the day of the incident in question, November 8, 1985, Lewellyn was carrying a handgun in his coat pocket and threatened to shoot anyone he might see with Carla. Lewellyn discovered that Farnsley and Dawn Jamison, Lewellyn's stepsister, were going out in the company of male friends. Lewellyn and Farnsley argued when Lewellyn asked Farnsley not to leave and a physical altercation ensued. Jamison intervened and she and Farnsley left.

Lewellyn then began drinking various types of liquor, including homemade wine, with friends over several hours. After 11:00 P.M., Lewellyn returned to his parents' home where he discovered Farnsley sitting with Steve Kaelin. Lewellyn asked Farnsley to talk to him, Kaelin interjected a protest and Lewellyn began arguing with Kaelin. Lewellyn threatened to shoot Kaelin. Then Lewellyn walked to a gun cabinet, removed a pump shotgun, pumped the gun, turned and shot Kaelin in the chest. Kaelin was able to run out of the house but collapsed outside and died of the injuries.

Lewellyn fled to the home of a neighbor, Paula Clark, where he surrendered the gun. He then went to the home of Mark and Denise Worman. When the police arrived at the Worman home, Lewellyn left through a back door. Lewellyn was discovered nearby and was arrested. Lewellyn was cooperative. A blood alcohol test, approximately two and one-half hours after the shooting incident, revealed a blood alcohol content of .27%.

After a trial by jury on April 28, 1986, Lewellyn was convicted of voluntary manslaughter. This appeal ensued.

Lewellyn raises one issue on review: whether his intoxication rendered him incapable of forming the necessary intent to commit the crime.

Our Supreme Court in *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088 stated:

"A defendant in Indiana can offer a defense of voluntary intoxication to any crime. The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill."

In the present case Lewellyn was able to walk into a room, take a gun from a guncase, pump the gun to place live ammunition in the chamber, and shoot Kaelin; thereby, carrying through with his earlier threat to shoot anyone with Farnsley. Immediately after the shooting Lewellyn was able to elude police by making his way on foot to the home of friends.

Lewellyn's brief is devoted almost entirely to a recitation of excerpts of various witnesses' trial testimony regarding Lewellyn's level of intoxication. The degree of intoxication and whether the intoxication was such as to relieve Lewellyn of criminal culpability was a question for the jury to determine. *Coble v. State* (1985), Ind., 476 N.E.2d 102, 107. Arguing that conflicting evidence was presented at trial does not satisfy the burden of proving the defense.

There being no finding of error, the judgment of conviction is affirmed.

Affirmed.

GARRARD, P.J., and BUCHANAN, J., concur.