David Lee JOHNSON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 34S00–8804–CR–432.

Supreme Court of Indiana.

May 11, 1989.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Judge.

Defendant–Appellant David Lee Johnson was charged in the Howard Circuit Court with Attempted Robbery Resulting in Serious Bodily Injury, a Class A felony. On January 15, 1988, pursuant to a plea agreement in which the State agreed to remain mute at the time of sentencing, Johnson entered a plea of guilty as charged. This was done, and on February 10, 1988, the trial court sentenced Johnson to a term of forty (40) years.

The issues raised by Johnson in this direct appeal refer to his sentencing:

1. whether the trial court adequately stated reasons for enhancing Johnson's sentence; and

2. whether the trial court erred in considering certain factors which were also elements of the crime as aggravating circumstances.

The evidence disclosed that on June 18, 1986, Johnson and two other men left Marion, Indiana and drove to Kokomo. While riding around in Kokomo, they decided they needed money and planned to rob a gas station at the corner of Phillips and Jefferson Streets. The three agreed to perform certain tasks in the robbery. Johnson's assignment was to hit the station attendant, George Alesky, and cause him to be "out" long enough for them to get the money and leave. They parked their car in back of the gas station. Johnson approached Alesky from the rear and hit him on the head with a police nightstick. He claimed he intended to hit Alesky and knock him out for a few minutes as he had seen it done on television. Alesky fell to the ground and while the three attempted to get into the gas station cash register, a passerby screamed and frightened them to the extent they left the scene without obtaining any money. The blow to Alesky's head caused brain damage so severe that he became totally dependent on others for his sustenance. In his doctor's opinion, it was extremely doubtful Alesky would ever recover to any meaningful level of independence but would be totally dependent for the rest of his life.

I

The trial court sentenced Johnson to a term of forty (40) years, which was based on the thirty (30) year presumptive sentence of a Class A felony enhanced by ten (10) years for aggravating circumstances. Johnson asserts the trial court did not give adequate reasons for aggravating the presumptive sentence, and claims the court merely restated some of the language set out in IC 35–38–1–7. The court found the following aggravating circumstances: (1) Johnson's actions were premeditated; (2) the attempted robbery was planned and carried out according to plan; (3) the seriousness of the offense cannot be exaggerated; and (4) the damage to Mr. Alesky and his family is something society cannot and should not tolerate. The trial judge decided a period of incarceration was required and necessary to meet the needs of this

defendant and society. He found these aggravating circumstances outweighed the mitigating circumstances of Johnson's age, education, background and status as a first-time offender. It is true a mere recitation of the conclusory language from IC 35–38–1–7(b) is insufficient. *Page v. State* (1981), Ind., 424 N.E.2d 1021, 1022–23. Rather, a statement of the facts which are peculiar to the particular defendant and the crime must be included so a reviewing court can determine if the trial court has abused its discretion. *Hill v. State* (1983), Ind., 445 N.E.2d 994, 996–97. The factors stated by the trial judge here are sufficiently set out to allow review by this Court. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 905–06; *Rust v. State* (1985), Ind., 477 N.E.2d 262, 265.

## II

The statutory factors that may be considered as aggravating circumstances serve as guidelines, but do not limit the matters which the judge may consider when determining what sentence should be imposed. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071, 1072; IC 35–38–1–7(d). Johnson claims the aggravating factors the court considered were nothing more than material elements of his crime and therefore were not proper grounds for enhancement. We cannot agree. The facts mentioned by the trial court are supported by the evidence and relate to the nature of the crime and the manner in which it was committed. These are proper elements to be used by a sentencing judge in enhancing a sentence. *Rust,* 477 N.E.2d at 265.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., dissents without separate opinion.