INSTITUTO PER LO SVILUPPO ECO-
NOMICO DELL' ITALIA MERI-
DIONALE, Plaintiff,

v.

SPERTI PRODUCTS, INC., Defendant.

No. 68 Civ. 4667.

United States District Court
S. D. New York.

Sept. 9, 1969.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for plaintiff; by Edward N. Costikyan and Doris Carroll, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant; by Edward R. Neaher, Edward C. McLean, Jr., and A. Welles Sumner, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

This action on a written guarantee of a loan was initially brought in the state court by a non-resident Italian corporation against a non-resident Ohio corporation. The action was instituted by a motion for accelerated summary judgment under New York CPLR 3213 and removed to this court on grounds of diversity jurisdiction. Plaintiff ap-

plied to have its state court motion for summary judgment heard in this Court and upon consideration thereof, relief on the merits was denied upon the ground that a triable issue of fact exists as to the Court's *in personam* jurisdiction over the defendant. The question in this respect is whether defendant transacted business in New York within the meaning of the "long arm" statute, New York CPLR § 302, so as to be amenable to service of process here. The plaintiff claims that the cause of action asserted herein arose in the transaction of business in New York.

Because of the threshold issue as to jurisdiction, there was and could be no adjudication of the question of liability. Until the determination of a Court's power to proceed in a case the validity of the substantive claim is legally irrelevant. The question of the defendant's ultimate liability to the plaintiff will become ripe for consideration only after it is decided that the defendant was subject to the *in personam* jurisdiction of the Court. United States v. Montreal Trust Company, 358 F.2d 239, 249 (2d Cir. 1966), cert. denied, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966), rehearing denied, 384 U.S. 982, 86 S.Ct. 1858, 16 L.Ed.2d 693 (1966); Arrowsmith v. United Press International, 320 F.2d 219, 221, 6 A.L.R.3d 1072 (2d Cir. 1963).

The defendant, pursuant to a notice served January 13, 1969, demanded the appearance in this jurisdiction of the plaintiff's president, a resident of Italy, for examination before trial. At plaintiff's request, counsel stipulated from time to time to adjourn the dates fixed for the deposition. Meanwhile the plaintiff pressed for a determination of its motion for summary judgment. After the denial of plaintiff's motion for summary judgment the defendant requested the appearance of plaintiff's president for examination and this motion for a protective order followed.

Each of the stipulations adjourning the deposition had reserved to plaintiff its right to move for a protective order.

■ The defendant proposes to go forward with its examination of the plaintiff's president on all issues in the case including the jurisdictional question. The plaintiff resists any oral examination principally on the ground that it now has additional data in support of the Court's jurisdiction and plaintiff plans to renew its motion for summary judgment. The plaintiff argues that in the course of deciding the motion for summary judgment the Court resolved all questions in the case against the defendant other than the question of jurisdiction. The jurisdictional issue is not now before the Court and nothing in the opinion ruling on the jurisdictional matter seems to have been intended or could constitute a determination of the issue of liability for the reasons given above.

■■ Ordinarily pretrial inquiry into the merits of a claim will be held in abeyance until jurisdictional questions are settled. However, this principle applies more particularly to pretrial discovery sought by the plaintiff rather than by the defendant. Where a defense to the merits is asserted, a defendant ought not to be required to take the risk of relying solely on a jurisdictional question and be unprepared on the question of liability if the jurisdiction is sustained. In the absence of special circumstances, a defendant should not be barred from normal pretrial discovery to prepare itself to defend against the claim both as to jurisdiction and the merits. Cf. Deep South Oil Co. v. Metropolitan Life Insurance Co., 21 F.R.D. 340 (S.D.N.Y. 1958).

■ The plaintiff resists discovery by means of oral deposition and suggests that written interrogatories should suffice. This case is peculiarly one which would be benefitted by oral depositions

rather than written interrogatories. The obvious differences in language, business practices and legal customs and the possible need for interpreters make it more practical and efficient to utilize oral inquiry.

It has been asserted by the defendant and it is not disputed that the plaintiff's president is knowledgeable on the facts in respect both of jurisdiction and of liability. The defendant is entitled to elicit that knowledge in order to prepare itself to resist the plaintiff's claim. The defendant has indicated as part of its defense that there are matters extrinsic to the guarantee itself which may, if established, bear on the plaintiff's right to recover.

 Ordinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue. Where special circumstances are shown that outweigh any prejudice to the defendant, a court will exercise its discretion to designate a different place for the deposition. Seuthe v. Renwal Products, Inc., 38 F.R.D. 323 (S.D.N.Y.1965).

The defendant has indicated its willingness to conduct the deposition in Italy for plaintiff's convenience, under the usual terms and conditions. Accordingly, the plaintiff is given the option to determine where it desires that the deposition be conducted. In the order to be submitted on this decision the plaintiff shall indicate its election. If the deposition is to be taken in New York, it shall be taken commencing 15 days after the date of the order hereon and proceed from day to day until completed, unless counsel otherwise agree. If the deposition is to be taken abroad, it shall be taken commencing 30 days after the date of the order hereon and shall proceed similarly. If plaintiff elects to have the deposition taken in Italy, the order shall provide for the payment by plaintiff of the reasonable expenses of defendant's counsel in attending the deposition abroad.

Accordingly, plaintiff's motion for a protective order is hereby denied and the deposition of plaintiff's president shall proceed on oral examination as indicated.

Counsel should confer on the form of the order to be entered hereon and endeavor to agree on the form thereof. Settle order on notice within seven days hereof.