**William G. WEBB, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 379S85.**

Supreme Court of Indiana.

Dec. 3, 1980.

 

William G. Webb, Samuel Harris, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

William G. Webb was convicted by a jury in Jefferson Circuit Court in 1978, of first degree murder (Ind. Code § 35–13–4–1 [repealed]), for which he was sentenced to life imprisonment; and assault and battery with intent to kill (Ind. Code § 35–13–2–1 [repealed]), for which he was sentenced to a term of not less than two nor more than fourteen years. The terms are to run concurrently, and are to begin when Webb's federal prison term expires.

On appeal, Webb raises two issues: First, whether the trial court erred in failing to dismiss the indictment with prejudice pursuant to Articles 3 and 4 of the Interstate Agreement on Detainers, Ind. Code § 35–2.-1–2–4; and second, "[w]hether the trial court erred in seeking an indictment on August 26, 1976, with the intent of dismissing the original indictment on August 30, 1976, to conceal the violations of the Interstate Agreement on Detainers."

We do not reach the merits of these issues.

Appellant Webb filed a petition for writ of mandamus to this Court on July 16, 1979, in the United States District Court for the Southern District of Indiana, Cause No. IP 79–556–c, in which he stated his wish to represent himself on appeal without the assistance of the Office of the Public Defender. That office had been appointed to represent him in April, 1979, by the trial judge. This Court, on August 16, 1979, ordered the Office of the Public Defender released from any further responsibility for the appeal after the filing of the record of the proceedings, and authorized Webb to appeal *pro se*. On September 7, 1979, this Court ordered the clerk to send a copy of the record to Webb so that he could prepare his own brief on appeal.

■ The right to appear *pro se* at trial is guaranteed by the Indiana Constitution, Art. I, § 13, and also by the Sixth Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment. *Faretta v. California*, (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. The question of whether the Sixth Amendment also guarantees self–representation on appeal has not been passed upon by the United States Supreme Court, but since the Sixth Amendment right to counsel is applicable at both trial and appeal, *Douglas v. California*, (1963) 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, it follows that there is a correlative right to reject counsel and proceed *pro se* both at trial and on appeal of a criminal case. There is no meaningful distinction between conducting a defense at trial and prosecuting an appeal that prevents the application of the *Faretta* rationale to the case of an appellant who wishes to reject representation by counsel and instead represent himself on appeal. The only inquiries that this Court will make are whether the appellant waived his right to counsel knowingly and intelligently, and whether the appeal is truly the appellant's own work. *Owen v. State*, (1978) 269 Ind. 513, 381 N.E.2d 1235.

■ We find that appellant has knowingly and intelligently waived his right to appellate counsel.

The appellate brief, however, is not Webb's own work. Rather, it was prepared by Samuel Harris, Webb's fellow–inmate at Terre Haute federal prison, who is described as "inmate of counsel" and "para–legal assistant." We take judicial notice that Samuel Harris is not a member of the bar of the State of Indiana.

■ Prisoners, of course, have a constitutional right of access to courts, *Ex Parte Hull*, (1941) 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; *Bounds v. Smith*, (1977) 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72. And if a state provides no alternative to the assistance provided by other inmates in the preparation of post–conviction proceedings, the state may not constitutionally prohibit mutual assistance among inmates. *Johnson*

*v. Avery*, (1969) 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. But neither *Faretta* nor *Johnson v. Avery, supra*, confers on "jailhouse lawyers" a license to practice law. Indeed, the situation here is clearly distinguishable from that in *Johnson v. Avery, supra*.

That case dealt with the problem of indigent, illiterate prisoners who were not entitled, as of right, to appointed counsel to initiate their post–convictions claims. Those prisoners faced the insurmountable hurdle of preparing their own cases. In that setting, prison regulations prohibiting the activity of "writ–writers" effectively blocked the petitioners' access to federal habeas corpus. This case involves a prisoner's direct appeal in a setting in which the state had already provided the services of a lawyer from the Office of the Public Defender.

Webb, according to the reply brief prepared by Samuel Harris, chose to represent himself because he believed that the Public Defender was not adequately representing him. Webb believed, incorrectly, that the Public Defender had "failed to file the record of the proceedings thereby removing jurisdiction from this reviewing court to hear the appeal." Actually, the original date for filing the record of the proceedings was April 6, 1979, and after three extensions granted to the Public Defender by this Court, the record was filed in time on September 6, 1979. Webb's appeal was never in jeopardy.

■ In any event, Webb claimed to exercise his right to represent himself, but instead handed his appeal over to Samuel Harris. We hold that at the appellate stage, the appeal papers of a *pro se* defendant must clearly be the work–product of the defendant. Any manifestation that appellate briefs and other papers are the product of "jailhouse lawyers" will result in dismissal of the appeal. In this way, we preserve the right of self–representation while guarding against the unauthorized practice of law.

"It is well settled that there is no constitutional right to lay assistance or lay counsel at either trial or appeal, under either the Sixth Amendment or Faretta's concept of the defendant's 'personal autonomy.'" 269 Ind. at 518, 381 N.E.2d 1235.

The appeal presented here by inmate–of–counsel Harris is indeed a cautionary tale of the pitfalls of a defendant's relying on lay counsel. The lawyers appointed to defend Webb at trial preserved five issues for appeal in their motion to correct errors. Harris has, however, raised only one on appeal, and has raised one issue not preserved. In addition Harris filed the appellate brief ten days late, although Webb had been cautioned to comply with all the rules of court in the order of August 16, 1979, and was reminded of this duty in the order of September 7, 1979.

Harris sought in this Court to supplement the record of the proceedings, alleging that copies of a detainer, a letter, an arrest warrant, and a writ of habeas corpus ad prosequendum from Ripley Circuit Court were missing from the record. The Court found the first three items in the record and found further that the writ sought to be included was not shown to have been filed in this action, which originated in Johnson County and was later venued to Jefferson County.

For Webb himself to have presented such a mistaken attempt at an appeal would have been proper.

"It is no exaggeration to say that a layman who elects to act as his own attorney accepts a great burden. When such a layman acts under the disability of imprisonment the burden is even greater. But, of course, he has a right to accept the hazard if he so wills." *Blanton v. State*, (1951) 229 Ind. 701, 703, 98 N.E.2d 186.

But for Webb to have entrusted his appeal to lay counsel went beyond the interests of personal autonomy contemplated in *Faretta*.

The appeal is dismissed. Since the record of proceedings has been filed, we recognize that a proper appeal may yet be prosecuted by Webb *pro se* or through appointed or retained counsel upon petition and compliance with the requirements set forth in this opinion.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.