Robert Edward GOODWIN, Petitioner,

v.

Edward HAMMOCK, Commissioner of the New York State Division of Parole, Edward Walsh, Supervisor of the Interstate Bureau, and three unknown members of the Division of Parole, Respondents.

No. 80 Civ. 2270.

United States District Court, S. D. New York.

Jan. 5, 1981.

Robert Edward Goodwin, pro se.

Robert Abrams, Atty. Gen. of N. Y., New York City, for respondents; Paul E. Milbauer, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, appearing pro se, is currently confined to the federal penitentiary at Marion, Illinois. He was paroled to that institution by New York State on February 10, 1977 while serving a state sentence. During his federal confinement, he was convicted on September 10, 1979, after a jury trial, of federal offenses in the United States District Court for the Northern District of Georgia and was sentenced to a ten--year term of imprisonment to be served consecutively to the sentence he was then serving at Marion upon a 1973 federal conviction for armed robbery. On December 9, 1979, the New York State Division of Parole, based upon the Georgia conviction, issued a parole detainer warrant with the Marion federal prison authorities. Petitioner contends that the refusal of the State Division of Parole to grant him an immediate hearing to determine the validity of the detainer warrant is in violation of his constitutional rights. Accordingly, he brings this action against the members of the Parole Board seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 1651 and 2241, a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202, and compensatory and punitive damages. In substance, he seeks his immediate return to New York from the federal penitentiary for a hearing on the validity of the detainer. He contends that the denial of this relief by itself results in a deprivation . of a constitutional right; in addition, that such denial violates his constitutional rights (1) by increasing his punishment because his federal custody is increased thereby and (2) by rendering him ineligible for certain programs and benefits afforded to other prisoners.

The Parole Board's position is that under the detainer warrant lodged against him he has already been declared delinquent and that such declaration of delinquency interrupts the running of his state sentence and, accordingly, petitioner has no legal entitlement to a final revocation hearing at this time but must await his return to the custody and control of the Parole Board upon his release by the federal authorities from his present confinement.

Petitioner moves for a default judgment for the alleged failure of respondents to answer his production request and interrogatories. Respondents cross–move to dismiss the complaint for failure to state a claim upon which relief can be granted. Since the Court is of the view that respondents are entitled to prevail on their motion for dismissal, the petitioner's motion for a de-

fault judgment, based upon noncompliance with discovery rules, is rendered moot.[1]

■ The petitioner does not attack the validity of his federal conviction upon which he is confined but only challenges the denial of a claimed right to an immediate hearing on the validity of the New York State detainer. The detainer represents a present claim by New York of jurisdiction over petitioner's person and of the right to subject him to its orders and supervision in the future. As such, it constitutes sufficient "custody" to make available to him the remedy of habeas corpus.[2] Petitioner grounds his jurisdictional claim to a writ of habeas corpus upon 28 U.S.C. § 2241.[3] However, since he challenges only the refusal of the defendants to grant him a hearing on the validity of the detainer and does not question his current detention under the federal judgment of conviction, the appropriate jurisdictional base is 28 U.S.C. § 2254.[4] Unlike a § 2241 claim, a requisite to the issuance of a writ of habeas corpus under § 2254 is that petitioner exhaust available state remedies.[5] New York State provides an available remedy. Its Executive Law § 259 -i(3)(f)(i) mandates that in the absence of specified circumstances a parole revocation hearing shall be scheduled within 90 days of a probable parole violation. New York courts have entertained actions by parolees to vacate parole warrants for alleged noncompliance with this requirement under New York State Civil Practice Law and Rules Article 78.[6] Significantly, New York State has not followed *Moody v. Daggett*,[7] where the Supreme Court held that a parole authority is under no federal constitutional obligation to grant a prompt hearing on an outstanding parole warrant prior to the parolee's release from his intervening incarceration. New York courts have taken a different position under state law and specifically "held that *People ex rel. Walsh v. Vincent*, 40 N.Y.2d 1049, 392 N.Y.S.2d 240, 360 N.E.2d 919 (1976), rather than *Moody v. Daggett* controls in New York."[8] Under the cited New York cases it has been held that a parolee was entitled to a prompt final parole revocation hearing regardless of the place of confinement. Thus there is an available remedy to be pursued in the state court. Petitioner

1. *See O'Brien v. Avco Corp.*, 390 F.Supp. 703, 705 (S.D.N.Y.1969); *Instituto Per Lo Sviluppo Economico Dell'Italia Meridonale v. Sperti Products, Inc.*, 47 F.R.D. 530, 532 (S.D.N.Y. 1969); *Hilton v. W. T. Grant Co.*, 212 F.Supp. 126, 130 (W.D.Pa.1962).

2. *United States ex rel. Meadows v. New York*, 426 F.2d 1176, 1179 (2d Cir. 1970), *cert. denied*, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971); *George v. Nelson*, 410 F.2d 1179, 1180–81 (9th Cir. 1969), *aff'd on other grounds*, 399 U.S. 224, 90 S.Ct. 433, 24 L.Ed.2d 419 (1970); *Word v. North Carolina*, 406 F.2d 352, 353–55 (4th Cir. 1969) (en banc); *United States ex rel. Scoten v. Pennsylvania*, 404 F.2d 767, 767–68 (3d Cir. 1968); *cf. Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968).

3. Although petitioner also claims to proceed under 28 U.S.C. § 1651, a writ of mandamus cannot be used as a substitute for habeas corpus, *Taylor v. United States Bd. of Parole*, 194 F.2d 882, 883 (D.C.Cir.1952) (per curiam), nor can a writ of coram nobis when, as here, petitioner challenges a detainer currently lodged against him, *see Kelly v. United States*, 299 F.Supp. 1367, 1369 (S.D.N.Y.1969).

4. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 n.4, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973); *United States ex rel. Mead-*

*ows v. New York*, 426 F.2d 1176, 1183 (2d Cir. 1970), *cert. denied*, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971); *United States ex rel. Chennault v. Smith*, 366 F.Supp. 717, 718 n.1 (E.D.N.Y.1973), *aff'd*, 495 F.2d 1367 (2d Cir.), *cert. denied*, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974); *Sitarski v. United States*, 358 F.Supp. 817, 818 (W.D.N.Y.1973).

5. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

6. *See, e. g., Lindsay v. New York State Bd. of Parole*, 49 N.Y.2d 883, 424 N.Y.S.2d 883, 400 N.E.2d 1335 (1979); *Higgins v. New York State Div. of Parole*, 72 A.D.2d 583, 420 N.Y.S.2d 932 (2d Dep't 1979); *Piersma v. Henderson*, 60 A.D.2d 1001, 401 N.Y.S.2d 666 (4th Dep't), *aff'd*, 44 N.Y.2d 982, 408 N.Y.S.2d 332, 380 N.E.2d 164 (1978).

7. 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

8. *Higgins v. New York State Division of Parole*, 72 A.D.2d 583, 420 N.Y.S.2d 932, 933 (1979).

does not allege that he commenced such an action. Accordingly, the complaint fails to state a claim upon which relief can be granted.

■ Although petitioner also seeks a declaratory judgment, an action by a prisoner challenging the legality of his confinement is properly treated solely as a petition for a writ of habeas corpus.[9] A declaratory judgment may not be used as a vehicle for circumventing the prerequisites for issuance of a writ of habeas corpus.[10]

Respondents' motion to dismiss the complaint for failure to state a claim upon which relief can be granted accordingly is granted. This disposition renders academic petitioner's motion for a default judgment.

So ordered.

---

**9.** *Preiser v. Rodriquez*, 411 U.S. 475, 488–99, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973); *Ricketts v. Ciccone*, 371 F.Supp. 1249, 1250 (W.D. Mo.1974).

**10.** *Waldon v. Iowa*, 323 F.2d 852 (8th Cir. 1963); *Hogan v. Lukhard*, 351 F.Supp. 1112, 1113–14 (E.D.Va.1972).