Gerald Paul ESPOSITO,
Petitioner-Appellant,

v.

Ira MINTZ, Superintendent,
Respondent-Appellee.

No. 82–2968.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 8, 1983.*

Decided Feb. 10, 1984.

Gerald Paul Esposito, Avenel, N.J., for petitioner-appellant.

John W. Vaudreuil, Asst. U.S. Atty., Madison, Wis., for respondent-appellee.

Before PELL, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

This appeal challenges the district court's dismissal of a habeas corpus petition for failure to exhaust available state remedies. The question presented is whether the petitioner's writ for habeas corpus is appropriate only under 28 U.S.C. § 2254 or whether

---

* After preliminary examination of the briefs, the Court notified the parties that it had tentatively concluded that argument would not be helpful to the Court in this case. The notice provided that any party might file a "Statement as to the Need for Oral Argument." *See,* Fed.R.Civ.P. 34(a); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted for decision on the briefs and record.

it also may be brought under 28 U.S.C. § 2241.[1]

In February 1978, petitioner was tried and found guilty of issuing worthless checks in St. Johns County, Florida. Sentencing was set for October of that year, and the petitioner was released on bond. To date the petitioner has not returned before the trial court for sentencing. In November 1978, Esposito was charged with failure to appear for sentencing.

The petitioner was subsequently arrested in California on federal charges, and in January 1981, a Florida detainer was filed with the California federal detention facility. The petitioner was sentenced on the federal charges in June 1981, and was incarcerated in a federal prison in Wisconsin. The Florida officials were notified of these events and filed another detainer with the Wisconsin authorities.

In July 1981, the Florida officials requested temporary custody of petitioner for sentencing and for trial on the charge of failure to appear for sentencing, pursuant to the Interstate Agreement on Detainers. In October 1981, petitioner filed this petition for a writ of habeas corpus in the United States District Court for the Western District of Wisconsin. Pursuant to 28 U.S.C. §§ 2241,[2] the petitioner requested that the detainers be dismissed and that the federal authorities be enjoined from delivering him to the temporary custody of St. Johns County on the grounds that: 1) his request for a speedy disposition on the detainer had not been honored by the Florida officials; 2) the Interstate Detainer Act is not applicable to requests for a prisoner's custody so that he may be sentenced; and 3) the Interstate Detainer Act does not apply to persons who are "mentally ill."

The district court ruled that the habeas corpus petition could only be brought under 28 U.S.C. § 2254 and further, that petitions brought under this section would not be granted unless the applicant had exhausted the available state remedies or had demonstrated that there were no available or effective state remedies. *See* 28 U.S.C. § 2254(b). The district court found that the petitioner had not exhausted his available state remedies and dismissed the habeas corpus petition.

■ Title 28 U.S.C. § 2241 provides the general authority for federal courts to issue writs of habeas corpus, while section 2254 governs a narrow area of this general power, namely writs which are "on behalf of a person in custody pursuant to the judgment of a State court." *See generally, United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 441–42 (7th Cir.1982). While the Interstate Agreement on Detainers, a compact sanctioned by Congress, creates federal rights which may properly be addressed by a federal writ of habeas corpus, *Echevarria v. Bell,* 579 F.2d 1022, 1023–24 (7th Cir.

1. The district court's order states that "[p]etitioner has probable cause for an appeal of the characterization of his petition as one appropriate only under 28 U.S.C. § 2254." In his brief on appeal, Esposito does not challenge this part of the district court's ruling, but maintains that he has exhausted available state remedies and goes on to address the merits of his claims. Respondent's brief on appeal argues that only the issue of appropriate jurisdiction is before this court and addresses only that issue and the related question of exhaustion. This court has not ruled on the question of whether certificates of probable cause can limit the issues properly before it, although other circuits have taken varying positions on that question. *See Vicaretti v. Henderson,* 645 F.2d 100 (2d Cir. 1980). In this instance, however, the district court's decisions regarding jurisdiction and exhaustion were dispositive of the petition and are the only issues properly before this court. Our review is therefore limited by the legal posture of the case and not necessarily by the limitations contained in the certificate of probable cause.

2. The petitioner filed two documents, a "Motion for a Temporary Restraining Order" and a "Motion for an Order in Reference to the Granting of Temporary Custody Under the Interstate Detainer Acts." Neither of these documents referred to a jurisdictional basis. The district court, regarding *pro se* documents in the manner most favorable to the petitioner, construed them as a single document for a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner subsequently adopted and made reference to this jurisdictional claim.

1978), the issuance of a detainer is an act of the state based on that state's laws and process,[3] and the detainer, in effect, is a custodial hold of the issuing state. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (*"Braden"*). Therefore, § 2254 is the proper jurisdictional basis for a challenge to the validity of a detainer. *Goodwin v. Hammock,* 502 F.Supp. 756 (S.D.N.Y.1981) (*"Goodwin"*). In *Goodwin,* the court rejected the petitioner's claim of jurisdiction under section 2241, noting that "since he challenges only the refusal of the defendants to grant him a hearing on the validity of the detainer and does not question his current detention under the federal judgment of conviction, the appropriate jurisdictional base is 28 U.S.C. § 2254." *Id.* at 758.[4]

*Goodwin* is based on the reasoning of *Braden* where the Supreme Court held that a Kentucky district court had jurisdiction to hear the habeas corpus petition of an Alabama prisoner who sought to challenge a Kentucky state indictment. Kentucky had issued a detainer, and the Supreme Court found that "the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer" and, to that extent, the prisoner was "in custody" of Kentucky. *Braden,* 410 U.S. at 489 n. 4, 93 S.Ct. at 1126 n. 4. This court followed *Braden* in *Orito v. Powers,* 479 F.2d 435 (7th Cir.1973) (*"Orito"*). In that case, an inmate of a Minnesota federal prison was allowed to challenge in a Wisconsin district court the validity of a "hold" placed on him by the State of Wisconsin. In both *Braden* and *Orito,* the courts noted that state remedies were exhausted before addressing the issues on their merits. We

agree with this reasoning and affirm the district court's holding that only 28 U.S.C. § 2254 is the proper jurisdictional basis for this habeas corpus petition.

We also agree with the district court that the petitioner has failed to exhaust his available state remedies. The petitioner refers only to a response from the Florida District Court of Appeals indicating that his time to file an appeal to the conviction of issuing bad checks had expired. However, that issue is irrelevant, as the claims raised in this habeas corpus petition do not concern this conviction. The petitioner provides no information regarding any attempts he has made to raise his objections to the detainer at the state level.

We hold that a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. § 2254 and that the petitioner must show that he has exhausted available state remedies before applying to a Federal district court for relief. Therefore, the habeas corpus petition in this case was properly dismissed, as petitioner's claims were not initially determined by the Florida courts.

AFFIRMED.

---

3. The Interstate Agreement on Detainers was adopted by Congress for the United States government and the government of the District of Columbia. 18 U.S.C. app. §§ 1–8. Identical provisions are adopted by the states, and each governmental unit adopting the provisions is responsible for developing rules and regulations for carrying out the provisions. 18 U.S.C. app. § 2, Article VII.

4. In the instant case, the petitioner does not challenge any aspect of his present confinement or any effect that the allegedly invalid detainer has on the conditions of his federal incarceration, allegations which would properly invoke jurisdiction under 28 U.S.C. § 2241. *Norris v. Georgia,* 522 F.2d 1006, 1011–12 (4th Cir.1975).