**William G. WEBB, Petitioner-Appellant,**

**v.**

**Thomas F. KEOHANE, Jr., Warden, U.S. Penitentiary, Terre Haute, Indiana and Linley E. Pearson, Attorney General of Indiana, Respondents-Appellees.**

No. 85–2209.

United States Court of Appeals, Seventh Circuit.

Submitted July 2, 1986.*

Decided Oct. 30, 1986.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

John Daniel Tinder, U.S. Atty., Gerald A. Coraz, Asst. U.S. Atty., Michael B. Murphy, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

William Gilbert Webb, pro se.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Petitioner, William Webb, is currently incarcerated in federal prison, but is challenging a state conviction pursuant to 28 U.S.C. § 2254. The district court denied his habeas corpus petition. Webb appeals. We affirm.

Pursuant to the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. at 545–48 (1982); Ind.Code § 35–2.1–2–4 (repealed 1982, current version at Ind.Code § 35–33–10–4), Webb was transferred from federal custody to the Marion County, Indiana Jail. Before his trial and conviction in the Indiana courts, Webb was returned to federal custody on three different occasions. Webb seeks to have his state conviction overturned on the ground that his conviction violated Article IV(e) of the IAD. This provision, known as the "anti-shuttling" provision, provides that a prisoner transferred pursuant to the IAD, if returned to his original place of imprisonment prior to tri-

al, will have his indictment dismissed with prejudice. On direct appeal of his conviction, the Indiana Supreme Court held that only one of the three returns was properly challenged on appeal. *Webb v. State,* 437 N.E.2d 1330, 1332 (Ind.1982). In reviewing that one return, the Indiana Supreme Court held that Webb waived his rights under Article IV(e) by requesting that he be returned to federal prison. *Id.*

Rights contained in the IAD are federal statutory rights. Denial of those rights is a violation of federal law cognizable in a federal habeas petition. *Esposito v. Mintz,* 726 F.2d 371, 372 (7th Cir.1984) (per curiam); *Echevarria v. Bell,* 579 F.2d 1022, 1024–25 (7th Cir.1978). Even if the prisoner is presently in federal prison, jurisdiction over a challenge to a state conviction based on alleged IAD violations is pursuant to 28 U.S.C. § 2254 which requires the exhaustion of state court remedies. *Esposito,* 726 F.2d at 373. We first consider Webb's challenge based on the return that was considered by the Indiana Supreme Court; it is clear that that issue was properly raised in the highest court in Indiana and therefore is not an issue waived for federal habeas consideration. *See Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir.1985) (per curiam).

All the circuits that have reached the issue have held that the rights under Article IV(e) are waived by a prisoner's request to be returned to his original place of imprisonment. *United States v. Black,* 609 F.2d 1330, 1334 (9th Cir.1979), *cert. denied,* 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed.2d 56 (1980); *Gray v. Benson,* 608 F.2d 825, 827 (10th Cir.1979) (per curiam); *United States v. Eaddy,* 595 F.2d 341, 344 (6th Cir.1979); *United States v. Ford,* 550 F.2d 732, 742 (2d Cir.1977), *aff'd on other grounds sub nom., United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *see also United States v. Lawson,* 736 F.2d 835, 838–39 (2d Cir.1984); *Brown v. Wolff,* 706 F.2d 902, 907 (9th Cir.1983); *Camp v. United States,* 587 F.2d 397, 400 (8th Cir.1978). The courts have reasoned that only constitutional

rights require a knowing and intelligent waiver, and therefore waiver of the statutory rights under the IAD need not be knowing and intelligent. *Black,* 609 F.2d at 1334; *Camp,* 587 F.2d at 400. Also, the purpose of Article IV(e) is to benefit the prisoner by allowing continuous rehabilitation in one location, but the prisoner can decide he prefers the benefits of being transferred elsewhere. *See Ford,* 550 F.2d at 742. Webb tries to distinguish his situation because he requested a transfer either to federal prison *or* to another Indiana jail. But the fact remains that he requested the transfer to federal prison. By doing so, he waived any objection under Article IV(e).

Challenges to a conviction based on an Article IV(e) violation may also be waived by failing to raise them in the trial court. *See Mars v. United States,* 615 F.2d 704, 707 (6th Cir.), *cert. denied,* 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980) (§ 2255 proceeding); *United States v. Boggs,* 612 F.2d 991, 993 (5th Cir.) (per curiam), *cert. denied,* 449 U.S. 857, 101 S.Ct. 156, 66 L.Ed.2d 72 (1980) (same). Under the Indiana Criminal Rules, an issue raised on appeal must first be raised in the trial court on a motion to correct error. *Webb,* 437 N.E.2d at 1332; *Wallace,* 778 F.2d at 1220. Since Webb failed to do that concerning his other two returns to federal custody, the Indiana Supreme Court would not consider those two returns on appeal. *Webb,* 437 N.E.2d at 1332. Webb was initially represented by counsel on appeal, but he expressly waived representation by counsel and pursued his appeal *pro se. Webb v. State,* 274 Ind. 540, 541, 412 N.E.2d 790, 791 (1980). However, counsel prepared the motion to correct error. *Id.* at 543, 412 N.E.2d at 793. Since the issue now under discussion was not considered by the Indiana courts due to a procedural default, we must consider if Webb showed adequate cause and prejudice entitling him to raise the issue in a federal habeas petition. *See Murray v. Carrier,* — U.S. —, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Webb's only argument is that his default should be forgiven because he pursued his state appeal *pro se.* Since counsel filed the motion to correct error, Webb was not proceeding *pro se* at the time the default occurred. There is no cause excusing his default. *See id.,* 106 S.Ct. at 2646 ("[T]he existence of a cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

Webb also claims that his repeated shuffling between prisons interfered with his access to counsel. He did not raise or attempt to raise that issue in state court and again argues that his failure should be excused by his *pro se* status. But such an issue and the underlying facts would have been apparent to his trial attorneys and should have been apparent to the attorneys who filed his motion to correct error. Webb has not shown adequate cause to excuse his failure to raise the issue in the state court. *See id.*

For the reasons given above, the judgment of the district court is

AFFIRMED.