34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark S. VERDI, Petitioner-Appellant,
v.
STATE of Ohio, Erie County; Warden, U.S. Penitentiary,
Leavenworth, Respondents-Appellees.
 No. 94-3075.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se petitioner Mark S. Verdi appeals the dismissal of his 28 U.S.C. 2254 habeas petition for failure to exhaust state court remedies. On appeal, petitioner argues that the detainer lodged against him in Erie County, Ohio, is invalid because it is based upon an untried criminal indictment lacking the signature of a grand jury foreperson. Petitioner contends that such an unsigned indictment is unconstitutional and void; therefore he argues that it is illegal and unconstitutional for the warden at the United State Penitentiary in Leavenworth, Kansas (USPL) to grant Ohio temporary custody over him pursuant to Article IV of the Interstate Agreement on Detainers (IAD), 18 U.S.C.App. 1-8.
 
 
 3
 Petitioner was tried and convicted of federal crimes in Ohio and placed in the USPL to serve his sentence. The Erie County, Ohio, Prosecuting Attorney lodged a detainer against petitioner based on an untried Ohio indictment for aggravated murder, and about one year later, sought temporary custody of petitioner pursuant to Article IV of the IAD to try him in Ohio state court on those pending criminal charges.[2] The Ohio prosecutor provided the USPL warden with the required documentation including a copy of the indictment and a notarized arrest warrant. Petitioner was formally notified by the warden of his intention to grant Ohio temporary custody. Federal Bureau of Prisons policy provides, in compliance with IAD Article IV(a), a thirty-day period for a prisoner to file objections to a temporary transfer. Petitioner did not avail himself of this administrative remedy;[3] instead, he filed the instant habeas corpus petition in federal district court in Kansas. Initially, the district court stayed petitioner's transfer to Ohio, but ultimately dismissed the petition for failure to exhaust state law remedies. Petitioner's motion for reconsideration was denied, and he appealed to this court.
 
 
 4
 "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). We review the dismissal of habeas petitions for abuse of discretion. Hannon v. Maschner, 981 F.2d 1142, 1145 (10th Cir.1992).
 
 
 5
 Section 2254 governs writs "on behalf of a person in custody pursuant to the judgment of a State court." Because "the issuance of a detainer is an act of the state based on that state's laws and process, ... the detainer, in effect, is a custodial hold of the issuing state." Esposito v. Mintz, 726 F.2d 371, 373 (7th Cir.1984) (citing Braden v. 30th Judicial Cir. Ct., 410 U.S. 484 (1973)). Thus, "2254 is the proper jurisdictional basis for a challenge to the validity of a detainer." Esposito, 726 F.2d at 373; see also Trigg v. Moseley, 433 F.2d 364, 366 (10th Cir.1970).
 
 
 6
 A requisite to the issuance of a writ pursuant to 2254 is the exhaustion of state court remedies, or the absence of an available corrective process in the state, or circumstances rendering the available state processes ineffective. 28 U.S.C. 2254(b); see Braden, 410 U.S. at 489-93. In the instant case, there are meaningful and effective state processes available to petitioner that have not been exhausted. The crux of his appeal is that the untried indictment supporting Ohio's IAD detainer and request for temporary custody is constitutionally invalid because it was not signed by a grand jury foreperson.[4] Ohio R.Crim. P. 12(B) provides that "[a]ny defense, objection, or request which is capable of determination without trial of the general issue may be raised before trial" including "defenses and objections based on defects in the institution of the prosecution" or "in the indictment, information or complaint." The dismissal of the subject untried indictment would void the IAD detainer that Ohio relies upon in its request for temporary custody, see United States v. Glasgow, 790 F.2d 446, 449 (6th Cir.1985), cert. denied, 475 U.S. 1124 (1986), but petitioner has not attempted to utilize this available state law process.
 
 
 7
 In connection with petitioner's motion for reconsideration in the district court below, he submitted documentation indicating that between the filing of his federal habeas petition and the district court's order of dismissal, he had unsuccessfully attacked the validity of the underlying indictment before the Supreme Court of Ohio by filing a pro se petition seeking a writ of prohibition or mandamus. This petition, seeking to enjoin all state judicial officers from utilizing the state's statutory criminal indictment procedures and to compel the state legislature to implement new procedures, was dismissed in a three-sentence order granting Ohio's motion to dismiss for lack of jurisdiction and failure to state a claim. No analysis was provided by the supreme court. We do not consider petitioner's application addressed to the Ohio Supreme Court to be an exhaustion of his state court remedies. Nevertheless, in the interests of putting this case to rest, we note that even if petitioner had fully exhausted his state law remedies before filing this petition, the failure of the grand jury foreperson to sign the indictment is only a technical defect that does not provide the basis for habeas relief. The Supreme Court has ruled that "the responsibilities of a federal grand jury foreman are essentially clerical in nature.... Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." Hobby v. United States, 468 U.S. 339, 344-45 (1984) (citing Frisbie v. United States, 157 U.S. 160, 163-65 (1895)). The United States and Ohio rules governing the duties of grand jury forepersons are identical. Thus, the failure of the Ohio grand jury foreperson to sign petitioner's indictment would not be error of the constitutional magnitude required to support the grant of relief in this case.
 
 
 8
 AFFIRMED. The State of Ohio's motion to expedite resolution of this appeal is denied as moot.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner did not avail himself of the provisions in Article III of the IAD permitting him to demand that Ohio prosecute the untried indictment within 180 days or show good cause to obtain a continuance
 
 
 [3]
 Because of our disposition on other grounds we do not decide whether the petition is procedurally barred for disregarding the Bureau of Prisons administrative remedies
 
 
 [4]
 Petitioner argues that the Ohio criminal procedures are unconstitutional for failing to mandate the signature of a grand jury foreperson on indictments; however, current Ohio R.Crim. P. 6(C) adopts verbatim the language of Fed.R.Crim.P. 6(c) stating that a foreperson "shall sign all indictments."