42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Talib AKBAR, a/k/a Talidean K. Johnson, Petitioner-Appellant,
v.
Gary W. McCAUGHTRY and James E. Doyle, Respondents-Appellees.
 No. 93-1778.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 14, 1994.*
Decided Dec. 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 91 C 1362; Terence T. Evans, Chief Judge.
 E.D.Wis.
 AFFIRMED.
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Talib Akbar (also known as Talidean K. Johnson) appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, on the ground that his right to trial within the 180-day limit set forth in Article III(a) of the Interstate Agreement on Detainers (IAD) was violated. Because Akbar agreed to the trial date at the time it was set and suffered no prejudice attributable to the delay in the commencement of his trial, we affirm.
 
 
 2
 Following a jury trial, Akbar was convicted of six counts of forgery in violation of Wis.Stat. Sec. 943.38. A criminal complaint charging Akbar with forgery was filed in state court on February 16, 1988, and Akbar was released on a surety bond the same day. Subsequent to his release, Akbar was arrested and held in Iowa on an unspecified charge. Wisconsin filed a detainer against him on November 8, 1988, advising prison authorities in Iowa that Akbar was wanted on charges of forgery in Wisconsin. On November 15, 1988, Akbar requested that he be tried in Wisconsin on the forgery charges within the 180-day limit as provided in the IAD.
 
 
 3
 On March 13, 1989, Akbar appeared at a pretrial conference in Brown County Circuit Court in Green Bay, Wisconsin. At the conference, Akbar's attorney requested, in light of additional investigation that he desired to conduct, that a trial date be set near the end of the ninety-day deadline provided in Wis.Stat. Sec. 971.10(2)(a). Both Akbar and the state then agreed that Akbar would stand trial for forgery on May 17, 1989. Akbar's trial took place as scheduled, and resulted in a guilty verdict. At the close of trial, Akbar moved to dismiss the complaint on the ground that his right to a speedy trial under the IAD had been violated. The trial court determined that by agreeing to stand trial on May 17, 1989, Akbar had waived his right to be tried within the 180-day deadline provided in Article III(a) of the IAD. Akbar appealed, and the Wisconsin Court of Appeals affirmed. Akbar then filed a pro se petition for a writ of habeas corpus asserting that his constitutional right to due process and a speedy trial as provided in the IAD had been violated. The district court denied the petition, and Akbar appeals.
 
 
 4
 In Reed v. Farley, 62 U.S.L.W. 4564 (U.S. June 21, 1994), the Supreme Court held that "a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under Sec. 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." 62 U.S.L.W. at 4565. By the same reasoning, even if we were to assume that the state court failed to try Akbar within 180 days of Akbar's request for a final disposition of the charges against him as provided in Article III(c) of the IAD, this alone would not be a ground to issue a writ of habeas corpus. The record reflects that at the March 13, 1989 pretrial conference, Akbar agreed to be tried on May 17, 1989. Indeed, the trial court found, in rejecting Akbar's claim, that defense counsel explicitly requested additional time to prepare for trial because of the need for additional investigation (Trial R. at 212-213). Akbar did not object to the additional time although it resulted in trial beyond the 180 day limit set forth in the IAD. Id. Because he did not object to the trial date at the time it was set, and has not suggested that his trial was prejudiced by the delay, he cannot now request collateral relief under Sec. 2254 on the basis of the alleged violation of Article III(c). See id. at 4568.
 
 
 5
 On appeal, Akbar maintains that he did not knowingly, intelligently, and voluntarily waive his "constitutional right" to a trial within the time limit set forth in the IAD, and that his waiver is accordingly invalid. Akbar misconceives the nature of his speedy trial rights under the IAD. Although the IAD is "a congressionally sanctioned interstate compact," Carchman v. Nash, 473 U.S. 716, 719 (1985), and is thus a federal law subject to federal construction, id., a violation of the IAD does not amount to an infringement of a defendant's Sixth Amendment right to a speedy trial, or of his due process rights under the Fourteenth Amendment. Reed v. Clark, 984 F.2d 209, 210 (7th Cir.1993), aff'd sub nom. Reed v. Farley, 62 U.S.L.W. 4564 (U.S. June 21, 1994). Moreover, although a waiver of a constitutional right must generally be knowing and voluntary, United States v. Robinson, 8 F.3d 418, 421 (7th Cir.1993), a waiver of a federal statutory right may be valid even if it is not knowingly made. Id. This court has accordingly held that a defendant's waiver of his rights under the IAD need not be knowing and intelligent. Webb v. Keohane, 804 F.2d 413, 414-15 (7th Cir.1986). Thus, even if Akbar unwittingly relinquished his right to be tried within the 180-day limit of the IAD, a bold assertion unsupported by the record, the fact that he agreed to the May 17, 1989 trial date forecloses collateral review of his conviction. See Farley, 62 U.S.L.W. at 4565. The district court was therefore correct in denying his petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No response was filed by either party. We have reviewed the briefs and the record in this matter, conclude that oral argument would not be helpful to the Court and the appeal is therefore submitted on the briefs and the record