47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alberto SOLER, Petitioner-Appellant,
v.
STATE OF INDIANA, Respondent-Appellee.
 No. 94-1162.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Jan. 11, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Alberto Soler appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Secs. 2241 and 2254. Petitioner maintains Indiana violated the Interstate Agreement on Detainers Act ("IAD") because Indiana failed to try him within 180 days of his demand. Petitioner asserts that the proper remedy is the dismissal of the Indiana charges.
 
 
 2
 The district court properly concluded that petitioner failed to exhaust his state court remedies. While petitions brought under 28 U.S.C. Sec. 2241 are not subject to the exhaustion requirements of 28 U.S.C. Sec. 2254(b), this court has held that federal courts may require, as a matter of comity, that detainees exhaust all areas of state relief before seeking the writ. United States v. Castor, 937 F.2d 293, 296 (7th Cir.1991).[1] As noted by the district court, while the state trial court denied relief, petitioner is free to pursue an appeal in the Indiana courts. Petitioner's arguments regarding the unavailability of such relief are unpersuasive. The district court properly noted the Indiana appellate courts do review IAD matters. See Hood v. State, 561 N.E.2d 494 (Ind.Supp.1990); Allen v. State, 636 N.E.2d 190 (Ind.App.1994). Further, any delay in pursuing such an appeal is largely due to petitioner.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Petitioner seeks relief under both Section 2241 and Section 2254. As petitioner has not been tried on the Indiana charges, any "custody" he is subject to as a result of the Indiana detainer is pretrial custody. Challenges to the pretrial custody are only appropriate under Section 2241. See United States v. Castor, 937 F.2d 293, 296 (7th Cir.1991). See also Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). However, this is a distinction without a difference in IAD cases for two reasons. First, a petitioner is required to exhaust state remedies whether he is proceeding under Section 2241 or Section 2254. See Castor, 937 F.2d at 296, Webb v. Keohane, 804 F.2d 413, 414 (7th Cir.1986); Esposito v. Mintz, 726 F.2d 371, 373 (7th Cir.1984). Second, in light of this court's decision in Reed v. Clark, 984 F.2d 207 (7th Cir.1993), aff'd sub. nom. Reed v. Farley, 114 S.Ct. 2291 (1994), petitioners can only challenge state detainers in federal collateral proceedings in narrow circumstances