UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4868

JOSEPH JOHNSON, JR., a/k/a Joseph R.
Johnson, a/k/a Joe Johnson,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-96-180-A)

Submitted: April 30, 1998

Decided: June 24, 1998

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Chief
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Thomas Gerard Connolly, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Johnson, Jr., pled guilty to providing false statements to a financial institution in violation of 18 U.S.C.§ 1014 (1994). Johnson received a sentence of twenty-one months' imprisonment and three years of supervised release. He appeals his conviction and sentence. Johnson's attorneys have filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising four issues but stating that in their view there are no meritorious issues for appeal.* The issues raised by Johnson's counsel are without merit. After a review of the record, we affirm the judgment.

Johnson first alleges that the Interstate Agreement on Detainers Act (IAD) was violated when he was returned to state custody after he had been placed in federal custody in connection with the federal charges pending in this case. At the time that the federal charges in this case were instituted, Johnson was serving a state sentence. The Government issued a writ to bring him into federal custody for arraignment. The Government then filed a motion to remand Johnson into temporary federal custody while this case was pending under the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2 (1994). The district court granted the motion. Johnson then filed a motion for a transportation order requesting that he be returned to the state system so that he could continue to earn good time credits while awaiting trial. The court granted the motion.

By filing the motion for a transportation order requesting that he be returned to the state system, Johnson waived any rights or protec-

_____

*Johnson has been informed of his right to file a pro se supplemental brief, but failed to file a timely brief after being granted two extensions by the court. The court denied a third extension. We deny Johnson's motion for leave to file his untimely pro se supplemental brief.

2

tions that he may have had under the IAD. A prisoner waives his rights when he requests treatment in a manner inconsistent with the provisions of Article IV(c) or (e) of the IAD. See United States v. Odom, 674 F.2d 228, 230 (4th Cir. 1982); Webb v. Keohane, 804 F.2d 413, 414-15 (7th Cir. 1986) (noting that all circuits that have reached the issue have held that rights under the IAD are waived by a prisoner's request to be returned to his original place of imprisonment). In addition, other circuits have held that a defendant who pleads guilty also waives any claim he would have had under the IAD. See Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992); Kowalak v. United States, 645 F.2d 534, 537 (6th Cir. 1981).

Johnson next alleges that the district court erred in refusing to allow him to withdraw his guilty plea. During the sentencing proceeding, Johnson made an oral pro se motion to withdraw his guilty plea. In support of his motion, Johnson asserted that: (1) the Government threatened to enhance his sentence if he insisted upon a jury trial, (2) he feared the consequence of not pleading guilty because he was already serving a five-year sentence, (3) his attorney told him that he would receive a two-point enhancement for perjury if he went to trial, (4) but for his counsel's errors, he would have insisted upon a jury trial, (5) if he knew that the court would consider during sentencing an offense he committed during the pendency of the federal charges he would not have pled guilty, and (6) he was not guilty of the offense in count one. The court denied the motion and found that all Johnson's claims were "palpably false," and that during the Fed. R. Crim. P. 11 hearing, Johnson answered questions regarding coercion and did not raise these issues.

Rule 32(d) of the Federal Rules of Criminal Procedure governs a motion to withdraw a guilty plea. Johnson bears the burden to show a fair and just reason for the withdrawal. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Factors relevant to establishing a fair and just reason include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has

3

had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir. 1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. See United States v. Suter , 755 F.2d 523, 525 (7th Cir. 1985).

Johnson did not offer any evidence of threats, fear, coercion, his counsel's errors, or his innocence. Further, Johnson should have known about these issues at the time of the Rule 11 colloquy. He did not assert any of these claims during the hearing and acknowledged that he was entering into the agreement knowingly and voluntarily. We therefore find that Johnson did not meet his burden of demonstrating a fair and just reason for the withdrawal. See Moore, 931 F.2d at 248.

Third, Johnson alleges that the district court erred in finding that the fraudulent activity alleged in the dismissed counts of the indictment was relevant conduct for the purposes of the loss determination in sentencing. Johnson pled guilty to count one in the indictment. The loss calculation used at sentencing was based upon conduct forming the charges in counts four and five, which were dismissed after the court accepted the guilty plea. The court found that Johnson committed all the acts charged in the indictment, and Johnson did not object to the findings.

District courts may take "relevant conduct" into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See U.S. Sentencing Guidelines Manual § 1B1.3 (1997); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). Whether the government has met its burden of proof is a question of fact reviewed for clear error. See Jones, 31 F.3d at 1316 (citing United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989)). In assessing relevant conduct, the sentencing court should consider "`such factors as the nature of the

4

defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern.'" United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992) (quoting United States v. Santiago, 906 F.2d 867, 872 (2d Cir. 1990)).

All of the conduct attributed to Johnson for sentencing purposes was committed solely by him and showed a similarity of method and purpose. In addition, Johnson committed the acts within a few months of each other. Johnson pled guilty to attempting to fraudulently obtain a loan from a credit union using a false social security number and statement of annual income. The conduct in count four involved Johnson applying for an automobile loan using a false social security number, date of birth, and the same false earning statement as in count one. Count five involved a similar scheme with similar misrepresentations, but made over the phone. Based upon these factors, we find that the court did not clearly err in finding that counts four and five should be included as relevant conduct.

Finally, Johnson alleges that the district court erred in refusing to decrease his offense level based upon acceptance of responsibility. Johnson pled guilty after the opening statements in his trial. We review the district court's determination regarding acceptance of responsibility for clear error. See United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991) (citing United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989)). The district court judge has great discretion in applying this adjustment. See United States v. White, 875 F.2d 427, 430-31 (4th Cir. 1989). In determining whether the defendant is qualified for the reduction, the district court should consider whether the defendant truthfully admits the conduct comprising the offenses of conviction. See USSG § 3E1.1, comment. (n.1(a)); United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). Timeliness of acceptance is a factor to consider. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). Entering a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. See Harris, 882 F.2d at 905. In this case, Johnson pled guilty only after his trial began and then attempted to withdraw it during sentencing. Thus, we find that the district court did not clearly err in refusing to grant the reduction.

We deny Johnson's counsel's motion for leave to withdraw. This court requires that counsel inform his or her client, in writing, of the

5

client's right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We deny Johnson's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED